## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 40647

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Boise, November 2013 Term |
| Plaintiff-Respondent, | ) |
| | ) 2014 Opinion No.  34 |
| v. | ) |
| | ) Filed:  March 19, 2014 |
| ROBERT CASSIDY HANSEN, | ) |
| | ) Stephen W. Kenyon, Clerk |
| Defendant-Appellant. | ) |

_____

Appeal from the District Court of the Fifth Judicial District of the State of
Idaho, Twin Falls County. Hon. G. Richard Bevan.

The decisions of the district court are <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender, Boise, attorneys for appellant.
argued. Sarah E. Tompkins argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorneys for respondent.
Kenneth K. Jorgensen argued.

_____

SCHROEDER, Justice. *pro tem*

Robert C. Hansen pled guilty to the charges of aggravated driving under the influence
and leaving the scene of an injury accident. At the sentencing hearing the district court allowed
the victim's father to give an informal statement over Hansen's objection that the father was not
a victim entitled to make a victim impact statement. The district court sentenced Hansen to a
total of 15 years imprisonment for the two convictions. Hansen appealed. The case was assigned
to the Court of Appeals, which determined that it was error for the district court to allow the
father's statement, because the father was not a victim. However, the Court of Appeals held that
any error was harmless. Hansen also attempted to appeal his sentences on both the aggravated
driving under the influence charge and the leaving the scene of an injury accident charge,
maintaining that the district court's departure from the plea agreement on one charge opened up

1

both for review. The State petitioned this Court for review of whether the district court erroneously admitted the father's statement. This Court granted the State's petition.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Hansen struck a motorcyclist, Donovan Jones, while Hansen was driving under the influence of alcohol. He did not stop his vehicle upon impact and immediately drove away from the scene. Donovan had recently finished his senior year of high school and planned to attend basic training for the Marine Corps in ten days. His injuries included a dislocated hip, damage to his knee ligament, severed tendons in his wrist, and multiple broken bones. Due to the extent of his injuries, he could not attend basic training, and he was disqualified when he tried to reenlist after recovery.

The State charged Hansen with aggravated driving under the influence and leaving the scene of an injury accident. Hansen pled guilty to both charges pursuant to a plea agreement. The State agreed to recommend a sentence of three years fixed plus 12 indeterminate years of imprisonment for the aggravated DUI conviction. The State agreed to recommend a sentence of five indeterminate years of imprisonment with no fixed years for the leaving the scene conviction. The State would recommend that the two sentences run concurrently. Hansen waived the right to appeal any issue, except he could appeal "the sentence" if the district court "exceeds the determinate portion of the State's sentencing recommendation of the 'Jail/Prison terms.'" The agreement allowed the State to alter the sentencing recommendation if new criminal charges were filed against Hansen.

Before the sentencing hearing for the aggravated DUI and leaving the scene convictions, the State filed a new criminal charge against Hansen for domestic violence to which Hansen pled guilty. The domestic violence case was unrelated to the aggravated DUI and leaving the scene case.

The district court consolidated the cases for sentencing. Hansen presented informal statements by two pastors, and he submitted letters from a non-profit rehabilitation program, a probation officer, friends, and family. He also gave an informal statement apologizing for his actions and seeking leniency. The State presented informal statements by Donovan and the domestic violence victim, Hansen's wife. The State also offered an informal statement by Donovan's father, Curtis Jones. This statement is in controversy. Hansen objected to the district

2

court receiving the statement on the basis that Donovan's father was not a victim. The prosecutor responded:

> Well, Your Honor, I know that in other cases, the parents have been allowed to talk about the impact that it had upon them. We feel that when a child or a family member is hit in a case like this, it becomes a family issue. And so we would request that he have the opportunity to make a statement.

The district court overruled Hansen's objection and allowed Donovan's father to address the court, stating, "Well, I'll note the objection but allow Mr. Jones to address the court in that capacity." The basis of this ruling is not altogether clear as to whether the district court was referring to the defense objection to the father's statement on the basis that he was not a victim or the father's capacity as a relative. In any event the father commented on the crime and its impact on him and his son. The father discussed the extent of his son's injuries. He also provided his very strong opinion of Hansen's character. He described Hansen as "dangerous and unfixable" and "a cruel, selfish coward" who would have let his son die on the street. He asked the court to impose the maximum sentence with the longest possible period of parole. Of concern to this Court, though not an issue presented by the parties, is the extensive knowledge the father indicated about Hansen's character and prior legal history. The concern the Court has is whether he was allowed improper access to the presentence report that was prepared in this case.

The State argued it was no longer bound by the sentencing recommendation due to Hansen's new conviction for domestic violence. The State asked the district court to impose a sentence of five years fixed plus ten indeterminate years for a total of 15 years imprisonment for both the aggravated DUI and leaving the scene convictions. The district court followed the State's original sentencing recommendation in the plea agreement for the aggravated DUI conviction but departed from the agreement for the leaving the scene charge. The district court sentenced Hansen to three years fixed plus 12 indeterminate years as recommended by the State in the plea agreement for the aggravated DUI conviction. For the leaving the scene conviction, however, the district court did not sentence Hansen to five indeterminate years as recommended by the State in the plea agreement. Instead, the district court sentenced him to three years fixed plus two indeterminate years. The district court ordered the two sentences to run concurrently. The district court sentenced Hansen to five indeterminate years with no fixed years for the domestic violence conviction to run consecutive to the two prior sentences. In total, the district

3

court sentenced Hansen to 20 years imprisonment for the three convictions, with 15 of those years for the aggravated DUI and leaving the scene convictions.

The district court denied Hansen's motion for a reduction of the sentences. Hansen appealed. The Court of Appeals held that the district court's admission of the father's statement was in error as a victim impact statement, but found the error to be harmless. The Court of Appeals also determined that the appellate waiver provision permitted Hansen to appeal "an individual sentence should the determinate portion imposed exceed the State's individual recommendation as to that specific sentence." As such, Hansen could appeal only his sentence for leaving the scene, which was not excessive.

The State petitioned this Court for review of "whether the district court erred by overruling Hansen's objection that a person who was not a victim could not provide a statement to the court at sentencing." That is, "[d]id the legislature, by giving victims the right to be heard, exclude the district court from considering evidence from non-victims of how the crime affected the victim?" This Court granted the State's petition for review, which presents the issues of 1) whether allowing the father's statement was in error, and, if so, harmless; 2) could Hansen appeal the entirety of his sentences; 3) were the sentences imposed an abuse of discretion?

## II.

### STANDARD OF REVIEW

"When this Court hears a case on a petition for review from the Court of Appeals, it 'gives serious consideration to the Court of Appeals' views, but will review the trial court's decision directly,' and 'acts as if the appeal was directly from the trial court's decision.'" *State v. Carter*, 155 Idaho 170, 172, 307 P.3d 187, 189 (2013) (quoting *State v. Pepcorn*, 152 Idaho 678, 686, 273 P.3d 1271, 1279 (2012)).

## III.

### The District Court Did Not Err By Admitting A Statement From The Victim's Father At The Defendant's Sentencing Hearing.

Idaho Constitution Article 1, Section 22(6) and I.C. § 19-5306 assure the right of the "victim" to give victim impact evidence at sentencing but do not restrict the right of others to offer relevant information. The Idaho Constitution guarantees crime victims the right "[t]o be heard, upon request, at all criminal justice proceedings considering . . . sentencing . . . of the defendant, unless manifest injustice would result." IDAHO CONST. art. I, § 22(6). I.C. § 19-5306 enforces the victim's constitutional right to be heard in two ways. First, under subsection (1)(e),

4

the victim has the right to address the court with an impact statement at the defendant's sentencing hearing. I.C. § 19-5306(1)(e); *see also State v. Grant*, 154 Idaho 281, 287, 297 P.3d 244, 250 (2013) (recognizing a constitutional right to deliver a victim impact statement); *State v. Lampien*, 148 Idaho 367, 374, 223 P.3d 750, 757 (2009) (same); *State v. Matteson*, 123 Idaho 622, 625, 851 P.2d 336, 339 (1993) (recognizing a statutory right to present victim impact statement at sentencing). Second, under subsection (1)(h), the victim must be consulted by the presentence investigator and have "a statement of the impact which the defendant's criminal conduct had upon the victim" included in the defendant's presentence report. I.C. § 19-5306(1)(h). In addition to subsection (1)(h), Idaho Criminal Rule 32 reflects the victim's right to have a statement in the presentence report. That rule requires that the victim's version of the criminal act be included in the presentence report. I.C.R. 32(b)(1). These provisions were and are intended to guarantee the right of victims to be heard, not to be limitations upon the right of others to offer relevant information. Confusion in the area has bled over from capital cases which have constitutional limitations upon the information that may be presented. Those limitations have grown up independent of Idaho's constitutional and statutory structure assuring the right of victims to be heard. When applicable, those limitations override rights guaranteed by Idaho Constitution, Article 1, Section 22(6), I.C. § 19-5306, and I.C.R. 32(b)(1).

Victim impact evidence presents a specific kind of information to the court at sentencing. In 2004 the Legislature outlined the appropriate kinds of information for victim impact evidence in capital cases specifically. I.C. § 19-2515(5)(a); Ch. 317, § 1, 2004 Idaho Sess. Laws 889, 890. Similar to capital cases, information concerning the victim and impact of the victim's death on the family is permitted in non-capital homicide cases. *See State v. Shackelford*, 155 Idaho 454, 463, 314 P.3d 136, 145 (2013). In non-capital cases, the victim (or immediate family in cases of homicide) may inform the court of his characterizations and opinions about the crime, the defendant, and the appropriate sentence. *Grant*, 154 Idaho at 286–87, 297 P.3d at 249–50.

Usually the admission of evidence at sentencing is within the broad discretion of the court, *State v. Johnson*, 101 Idaho 581, 583, 618 P.2d 759, 761 (1980), but this is not the case with victim impact evidence. The presentence report "shall" include the victim's impact statement and the court "shall" hear the victim at sentencing. I.C. § 19-5306(1)(e), (h). Both rights are rarely limited. The victim's right to be heard is limited only when it results in manifest injustice. IDAHO CONST. art. I, § 22; I.C. § 19-5306(1)(e); *see also Grant*, 154 Idaho at 287, 297

P.3d at 250. Similarly, the victim's right to have an impact statement in the presentence report is limited only when irrelevant to the court's sentencing decision. I.C.R. 32(b)(1). Thus, the admission of victim impact evidence is mandatory in most cases because I.C. § 19-5306 and I.C.R. 32(b)(1) restrict the court's ability to exclude that evidence. *See Matteson*, 123 Idaho at 625, 851 P.2d at 339. These are clearly guarantees of the right to be heard by those persons classified as victims.

The Idaho Constitution directs the Legislature to define "crime victim." IDAHO CONST. art. I, § 22. As such, I.C. § 19-5306(5)(a) defines a victim as "an individual who suffers direct or threatened physical, financial or emotional harm as the result of the commission of a crime or juvenile offense." I.C. § 19-5306(5)(a). For homicide victims, however, the victim's rights extend to the victim's immediate family because the victim is deceased. I.C. § 19-5306(3); *see also State v. Payne*, 146 Idaho 548, 575, 199 P.3d 123, 150 (2008). Likewise, if the victim is "of such youthful age or incapacity" as to preclude him "from exercising these rights personally," the immediate family may exercise his rights. I.C. § 19-5306(3).

In *Payne*, a capital homicide case, this Court interpreted the statutory definition of "victim." At the defendant Payne's sentencing, the victim's non-immediate family and friends provided victim impact evidence. 146 Idaho at 573–74, 199 P.3d at 148–49. Payne challenged the admissibility of this evidence under I.C. § 19-5306, arguing his counsel was deficient for failing to "limit the statements to those of immediate family members." *Id.* at 575, 199 P.3d at 150. To resolve the issue, the Court turned to the language of the statute: "The issue of whether the language of I.C. § 19-5306(3), (5)(a) limits victim impact statements to immediate family members in homicide cases is a matter of first impression for this Court." *Id.* Then the Court reasoned:

> In this instance, we hold that I.C. § 19-5306 limits victim impact statements to immediate family members. *First, reading the entire statute makes it clear that the legislature intended to limit the definition of "victim" by providing that a victim must have suffered direct harm as a result of the commission of the crime.* I.C. § 19-5306(5)(a). Additionally, in cases of homicide, it extends the right to make a statement only to immediate family members. I.C. § 19-5306(3). When read together, the meaning is clear: the legislature intended to limit the right to be heard to only immediate family members.

*Id.* (emphasis added). Based on this reasoning, the Court held that the victim impact evidence from the victim's non-immediate family and friends was inadmissible because non-victims presented the evidence. *Id.* at 575–76, 199 P.3d at 150–51. This addresses the right to be heard.

That right cannot be claimed by non-victims. Whether they may offer otherwise relevant evidence falls within the discretion of the sentencing court, guided by relevance, reliability, and the potential for undue prejudice.

Donovan's father has no rights under I.C. § 19-5306 as a non-victim. He may not use that statute to present a victim impact statement as a matter of right. The rights in I.C. § 19-5306 are guaranteed only to his son, the actual victim of Hansen's crime. However, the fact that he is not a "victim" does not preclude him from presenting relevant information at sentencing. It is not a matter of right, as would be the case with his son, but a matter of discretion with the sentencing court determining the relevance and reliability of the information presented. The court is free to exercise its broad discretion to admit relevant information. *Johnson*, 101 Idaho at 583, 618 P.2d at 761. "There should be no limitation placed on the information presented to the court regarding the background, character, and conduct of the defendant being sentenced." *State v. Flowers*, 150 Idaho 568, 574, 249 P.3d 367, 373 (2011). "When imposing a sentence, the court is to consider 'the nature and circumstances of the crime and the history, character and condition of the defendant,' Idaho Code § 19-2521(1), and it is to consider whether imprisonment is warranted for protection of the public." *Id*. The district judge was in a position to weigh what he considered relevant and disregard what he considered to have no weight. Unlike jurors in a capital case who are called upon to make what is almost certainly once in a lifetime determinations, a district judge is regularly required to sort out and apply information and opinions to the factors to be weighed in sentencing. A broad objection to forthcoming information and opinions as was expressed in this case is insufficient to focus the sentencing court's attention on the particular elements of the statement to be made. It was left to the district judge to sort out what was relevant and worthy of consideration in imposing a sentence.

The district judge did not explicitly reference the father's statement while imposing a sentence or in the order denying Hansen's motion to reduce his sentence. The district judge had the benefit of Donovan's statement of his injuries and their effects. The extent of the injuries was confirmed by independent information. There was information about Hansen's criminal record from the presentence report. The judge placed great weight on Hansen's new domestic violence charge, substance abuse, lengthy criminal record, and inability to respond to treatment, explaining in the order denying Hansen's motion for a reduction of sentence that his sentence was based on Hansen's lack "of any serious rehabilitation effort on his part" and "lengthy history

7

of law violations." The judge's primary considerations were the need for deterrence, punishment, and protection of the public. The judge imposed a lesser term of imprisonment than the maximum possible sentence and did not follow the State's original recommendation in the plea agreement in only one respect—the addition of three fixed years for the leaving the scene conviction. The total number of years of imprisonment for the two convictions remained the same. There is no showing that the judge acted out of passion. The appropriate factors were articulated. There is no showing of error.

**IV.**

**The Plea Agreement's Appellate Waiver Provision Precludes Hansen From Challenging His Sentence For The Aggravated DUI Conviction.**

The appellate waiver provision in Hansen's plea agreement provided that Hansen waived "any issues in this case," except that he "may appeal the sentence if the [court] exceeds the determinate portion of the State's sentencing recommendation of the 'Jail/Prison terms.'" The district court followed the State's sentencing recommendation for the aggravated DUI conviction but exceeded the fixed portion of the State's sentencing recommendation for the leaving the scene conviction. Hansen claims that the term "the sentence" in the appellate waiver provision is ambiguous and must be interpreted in his favor. *See State v. Peterson*, 148 Idaho 593, 595, 226 P.3d 535, 537 (2010). According to Hansen, a favorable interpretation requires the Court to allow him to challenge both sentences, even though the district court exceeded the fixed portion on only one of his sentences. The State argues "the sentence" unambiguously refers to the sentence with the excessive fixed portion.

"Plea agreements are essentially bilateral contracts between the prosecutor and the defendant." *State v. Guess*, 154 Idaho 521, 524, 300 P.3d 53, 56 (2013). "The determination of whether a contract is ambiguous or not is a question of law over which we may exercise free review, and in determining whether a contract is ambiguous, our task is to ascertain whether the contract is reasonably subject to conflicting interpretation." *State v. Gomez*, 153 Idaho 253, 257, 281 P.3d 90, 94 (2012) (quoting *Bondy v. Levy*, 121 Idaho 993, 997, 829 P.2d 1342, 1346 (1992)).

Hansen's appellate waiver provision is not reasonably subject to conflicting interpretation. The only reasonable interpretation is that which was advanced by the State and affirmed by the Court of Appeals. The appellate waiver provision allows Hansen to challenge

8

"the sentence" with the excessive fixed portion. It does not allow Hansen to challenge another sentence, especially one that followed the State's recommendation. An appellate waiver provision that would allow Hansen to challenge any sentence would have been worded differently, such as referencing "the sentences" or "the determinate portions." The plea agreement unambiguously allows Hansen to challenge the sentence with the fixed portion beyond the plea agreement and no other. Hansen may appeal the leaving the scene sentence. He may not appeal any issue from the aggravated DUI sentence.

## V.

### Hansen's Sentence For Leaving The Scene Was Not Excessive.

The Court reviews the length of a sentence for an abuse of discretion, considering the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). The Court conducts an independent review of the record based on the information known to the sentencing court at the time the sentence was imposed. *Id.* "A sentence is reasonable if at the time of imposition it appears necessary to achieve 'the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to the given case.'" *Id.* at 726–27, 170 P.3d at 391–92 (quoting *State v. Lundquist*, 134 Idaho 831, 836, 11 P.3d 27, 32 (2000)). The burden is on the defendant to show the sentence is unreasonable. *State v. Burnight*, 132 Idaho 654, 660, 978 P.2d 214, 220 (1999).

Hansen has not met his burden. He argues that the district court failed to "give adequate consideration to the mitigating evidence presented to the court at sentencing." and he asserts that the court failed to consider that he had "strong rehabilitative potential" and that his substance abuse was "a means of coping" with an abusive childhood. However, the record reflects that the district court did consider Hansen's young age, desire to change, and new support system. The district court recognized rehabilitation as an important sentencing objective, but the district court determined that "rehabilitation will not override societal protection, deterrence, and retribution." The district court found that Hansen presented "no evidence of any serious rehabilitation effort on his part." The district court took into account the serious harm done to Donovan, Hansen's new domestic violence charges, and his past criminal record. Based on those factors, the district court chose to impose a sentence of three years fixed and two years indeterminate for the leaving the scene conviction. The district court could have imposed a five-year fixed sentence, and could have run the sentence consecutively with the aggravated DUI sentence. Hansen's sentence for his

9

leaving the scene conviction was neither excessive nor an abuse of discretion by the district court.

## VI.

### CONCLUSION

The decisions of the district court concerning Hansen's sentences are affirmed.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.