# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49055

| | |
|---|---|
| STATE OF IDAHO,<br><br>   Plaintiff-Respondent,<br><br>v.<br><br>IAN PHILIP BRIDGMAN,<br><br>   Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed: December 30, 2022

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction and sentence for battery-domestic violence inflicting traumatic injury, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

BRAILSFORD, Judge

Ian Philip Bridgman appeals from his judgment of conviction for battery-domestic violence inflicting traumatic injury, Idaho Code § 18-918(2)(a). Bridgman contends the district court erred by failing to strike a statement by the victim's parents from the presentence investigation report (PSI). We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Bridgman with battery, alleging he hit and seriously injured the victim, who was his girlfriend at the time. Bridgman waived his right to a jury trial and proceeded to a bench trial. Following a two-day trial, the district court found Bridgman guilty.

1

Before sentencing, Bridgman's counsel filed a written objection to the PSI because it contained a victim impact statement from "non-victims" which was "irrelevant, unduly prejudicial, speculative, inflammatory and inadmissible in violation of [Bridgman's] right to due process." Bridgman's objection related to a statement in the PSI under the heading "Victim's Statement" from the victim's parents.[1]  Among other things, the parents' statement included that "it was evident [the victim] was severely beaten"; "this was not a simple slap across the face, this was attempted murder"; and "we are asking the court for the maximum sentence allowable by law."

Bridgman renewed his objection to the parents' statement at the sentencing hearing.  The district court, however, did not strike the statement.  Rather, it stated that "courts have pretty broad discretion in what they can consider in sentencing"; "both families have talked about what they think the Court should do"; it would consider statements from the victim and Bridgman; and it was "not going to give any weight to anyone else's sentencing recommendations."

The district court imposed a sentence in accordance with the State's recommendation, and Bridgman timely appeals.

## II.

## STANDARD OF REVIEW

The decision whether to strike information from a PSI is reviewed for an abuse of discretion.  *See State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010).  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court:  (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason.  *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Bridgman asserts the district court abused its discretion when it failed to strike the victim's parents' statement from the PSI.[2]  The rules of evidence are not applicable to a PSI.  *State v.*

---

[1]  At sentencing, Bridgman also objected to a statement from the victim's sister, but he does not renew that challenge on appeal.

[2]  The State contends Bridgman's argument is not properly before this Court because Bridgman did not obtain an adverse ruling from the district court.  Since the State filed its appellate

2

*Rodriguez*, 132 Idaho 261, 263, 971 P.2d 327, 329 (Ct. App. 1998). The sentencing court, in its discretion, may consider information that would be inadmissible otherwise if the court believes that information is reliable and the defendant has an opportunity to present favorable evidence and to explain or rebut adverse information. *State v. Carey*, 152 Idaho 720, 721, 274 P.3d 21, 22 (Ct. App. 2012); *see also* Idaho Criminal Rule 32(e)(1) (noting court may consider reliable, inadmissible information in PSI); *State v. Campbell*, 123 Idaho 922, 926, 854 P.2d 265, 269 (Ct. App. 1993) (ruling court may consider "evidence of charges which have not yet been proved, so long as the defendant has the opportunity to object to, or to rebut, the evidence of his alleged misconduct"). The court, however, must disregard hearsay if there is no reasonable basis to deem it reliable, such as when the information is simply conjecture. *Carey*, 152 Idaho at 721, 274 P.3d at 22; *see* I.C.R. 32(e)(1).

When considering a PSI, the sentencing court has two distinct obligations. *State v. Golden*, 167 Idaho 509, 511, 473 P.3d 377, 379 (Ct. App. 2020). First, the court must reject inaccurate, unfounded, or unreliable information in the PSI. *Id.*; *see also Carey*, 152 Idaho at 722, 274 P.3d at 23 (noting court must reject unfounded, unreliable, or inaccurate information); *Molen*, 148 Idaho at 961, 231 P.3d at 1058 (noting court correctly declined to consider unreliable information). Second, the court must redline from the PSI the information it is excluding as incorrect or unreliable. *Golden*, 167 Idaho at 511, 473 P.3d at 379. Redlining protects the defendant against the future misuse of the unreliable information and provides a clear record for appellate review. *Id.* at 512, 473 P.3d at 380. This Court has ruled that, when the sentencing court concludes information in the PSI is incorrect or unreliable, the court should cross out or redline that information from the PSI and send a corrected copy of the PSI to the Idaho Department of Correction. *Molen,* 148 Idaho at 961-62, 231 P.3d at 1058-59. A court, however, does not need

brief, however, the Idaho Supreme Court abrogated the rule that a party must obtain an adverse ruling to preserve an issue for appeal. *State v. Miramontes*, ___ Idaho ___, ___, 517 P.3d 849, 853-54 (2022). Now, a party preserves an issue for appeal *either* "by properly presenting the issue with argument and authority to the trial court below and noticing it for hearing" *or* "if the trial court issues an adverse ruling. *Id.* "Both are not required." *Id.* at ___, 517 P.3d at 854. In this case, Bridgman filed an objection challenging the parents' statement in the PSI, provided supporting authority, and raised the issue during the sentencing hearing. Under *Miramontes*, Bridgman preserved the issue for appeal even if the district court's comments about the parents' statement are not an adverse ruling.

to strike or disregard information in a PSI simply because the defendant disputes it. *Carey*, 152 Idaho at 722, 274 P.3d at 23. Rather, the defendant must supply a sufficient basis for the court to make an independent determination on the disputed information's reliability, unless that information is facially unreliable. *Id.* at 722-23, 274 P.3d at 23-24.

On appeal, Bridgman argues the district court should have stricken the parents' statement from the PSI because it was under the heading "Victim's Statement" and the parents are not "victims" under I.C. § 19-5306. This statute addresses a victim's rights during the investigation, the prosecution, and the disposition of a crime. These rights include the opportunity to provide a victim-impact statement for the PSI. I.C. § 19-5306(1)(h). As Bridgman notes, the statute does not create a right for a victim's parents to submit a statement for the PSI.

The Idaho Supreme Court, however, has held that although I.C. § 19-5306 only protects a victim's right to provide impact evidence for sentencing, the statute does "not restrict the right of others to offer relevant information." *State v. Hansen*, 156 Idaho 169, 173, 321 P.3d 719, 723 (2014). In *Hansen*, Hansen's vehicle struck the victim, who was riding a motorcycle. *Id.* at 171, 321 P.3d at 721. At sentencing, the district court allowed the victim's father to make a statement about the extent of his son's injuries, about Hansen's character, and asking the court to impose the maximum sentence. *Id.* at 172, 321 P.3d at 722. On appeal, the Idaho Supreme Court addressed whether "the legislature, by giving victims the right to be heard, exclude[d] the district court from considering evidence from non-victims of how the crime affected the victim." The Court concluded:

> [The victim's] father has no rights under I.C. § 19-5306 as a non-victim. He may not use that statute to present a victim impact statement as a matter of right. The rights in I.C. § 19-5306 are guaranteed only to his son, the actual victim of Hansen's crime. However, the fact that he is not a "victim" does not preclude him from presenting relevant information at sentencing. It is not a matter of right, as would be the case with his son, but a matter of discretion with the sentencing court determining the relevance and reliability of the information presented. The court is free to exercise its broad discretion to admit relevant information.

*Id.* at 174, 321 P.3d at 724.

Likewise in this case, the victim's parents are not victims under I.C. § 19-5306. The district court, however, has broad discretion to allow them to submit a statement for sentencing. That the parents' statement appeared in the PSI under the heading "Victim's Statement" is inconsequential. The PSI did not erroneously identify the parents as victims. Rather, the PSI states that Bridgman's former girlfriend is "*the* victim of the instant offense" (emphasis added). In contrast, the PSI

4

identifies the parents as the victim's parents. For this reason, the PSI does not create any confusion about whom the actual victim is.

Bridgman also asserts the district court should have stricken the parents' statement from the PSI because it includes a sentencing recommendation. Specifically, Bridgman challenges the parents' characterization of the crime as "attempted murder" and their request that the court impose the "maximum sentence allowable by law." Idaho Criminal Rule 32(c) provides that a PSI "may recommend incarceration but it should not contain specific recommendations concerning the length of incarceration." This Court has held that "the sentencing court may, in non-capital cases, consider victim impact statements and statements from victims requesting a particular sentence, provided, however, that the court does not give undue weight to the statement by shifting its emphasis from the crime and the criminal to the 'worth' of the victim." *Campbell*, 123 Idaho at 928, 854 P.2d at 271; *see also Hansen*, 156 Idaho at 175, 321 P.3d at 725 (noting "[t]he district judge did not explicitly reference the father's statement while imposing a sentence" and "was in a position to weigh what [the district judge] considered relevant and disregard what he considered to have no weight").

In this case, the district court affirmatively rejected consideration of the parents' sentencing request, stating, "I am not going to give any weight to anyone else's sentencing recommendations." Bridgman argues this statement is inadequate and asserts the court should have stricken information improperly included in a PSI versus merely declining to consider that information. In support, Bridgman cites *Rodriguez* and *Molen*. Both of those cases are distinguishable, however, because they address disputed information the sentencing court deemed unreliable. Bridgman acknowledges that in this case, "the issue is not whether the information contained in the PSI was reliable, as in *Rodriquez* and *Molen*, but whether it should be included in the PSI at all." Because Bridgman's argument that the parents' statement cannot be included in the PSI at all fails, so does his argument that the court was required to strike or redline the statement. Moreover, this Court has ruled that a sentencing court "has an obligation to redline a PSI only to eliminate speculation or conjecture or to remedy inaccuracies." *State v. Hanchey*, 169 Idaho 635, 641, 500 P.3d 1159, 1165 (Ct. App. 2021). Bridgman, however, does not challenge the parents' statement as inaccurate, unreliable, speculative, or conjecture. Accordingly, Bridgman fails to show the district court abused its discretion by not striking the parents' statement.

5

### III.

### CONCLUSION

We affirm the judgment of conviction and sentence for battery--domestic violence inflicting traumatic injury.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.