IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 41477

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | Boise, June 2014 Term |
| Plaintiff-Respondent, | ) | |
| | ) | 2014 Opinion No. 117 |
| v. | ) | |
| | ) | Filed: October 30, 2014 |
| JESSE ELIAS, | ) | |
| | ) | Stephen Kenyon, Clerk |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

The judgment of conviction as to Count I is <u>reversed</u> and the case is <u>remanded</u> for proceedings to amend the term of Elias' probation as to Count II.

Sara B. Thomas, State Appellate Public Defender, Boise, for appellant.  Jason C. Pintler argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.  Russell J. Spencer argued.

_____

HORTON, Justice.

Jesse Elias appeals from his judgment of conviction for forcible sexual penetration by use of a foreign object. This case comes before us on review of a decision from the Idaho Court of Appeals. We hold that that the State provided insufficient evidence to support the conviction and therefore reverse the judgment of conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 2010, around 10:30 p.m., S.S. put her two young children (three and five years old) to sleep in her bed and shortly thereafter joined them. Hours later, at approximately 3:30 a.m. on July 20, 2010, S.S. woke up to find Elias seated at the end of her bed with his fingers inserted into her vagina. S.S. and Elias were acquaintances and Elias had previously been a guest in S.S.'s home. S.S. testified that, upon feeling Elias' fingers in her vagina, she rolled onto her right side and when doing so felt a "razor cut kind of burning feeling" in her vagina. S.S.'s maneuver resulted in Elias' fingers withdrawing from her vagina. Elias then touched S.S.

1

again near her vagina but did not penetrate her. S.S. then rolled onto her left side and wrapped herself up in a blanket. Elias asked S.S. "do you know who I am?" Elias then attempted to touch S.S. a third time under her legs but his hand was blocked by the blanket. Elias again asked S.S. if she knew who he was. S.S. replied that she did, using Elias' first name. Elias then asked S.S. if she wanted him to leave and S.S. responded that she did, in fact, want him to leave. Elias left and S.S. called a friend and then the police.

At 6:30 p.m. on July 20, 2012, S.S. sought medical care from the Kootenai Medical Center because she felt burning when she urinated and she believed that she had suffered a cut inside her vagina. Dr. Henry Amon, an emergency room physician, examined S.S. Dr. Amon found "a relatively minor abrasion on the right side, on the inside of [S.S.'s] labium" that Dr. Amon found to be consistent with digital penetration.

The Kootenai County Prosecutor filed a two-count information against Elias on August 20, 2010, alleging that Elias committed penetration by foreign object, a violation of Idaho Code section 18-6608, and burglary, a violation of Idaho Code section 18-1401. The matter proceeded to trial and on December 7, 2010, a jury found Elias guilty of both counts. On July 20, 2011, Elias was sentenced. For the charge of penetration by a foreign object, Elias was sentenced to fifty years imprisonment, with ten years fixed. For the burglary charge, Elias received a concurrent ten year fixed sentence. The district court retained jurisdiction for one year. At the completion of the retained jurisdiction, the district court suspended the sentences and placed Elias on probation for fourteen years.

Elias timely appealed[1] and the case was assigned to the Court of Appeals, which held that there was insufficient evidence of use of force to sustain Elias' conviction for forcible penetration by a foreign object. We then granted the State's petition for review. We reverse the judgment of conviction for forcible penetration by a foreign object and remand for further proceedings to modify the length of Elias' probation.

## II. STANDARD OF REVIEW

"When this Court hears a case on a petition for review from the Court of Appeals, it 'gives serious consideration to the Court of Appeals' views, but will review the trial court's decision directly,' and 'acts as if the appeal was directly from the trial court's decision.' " *State v. Hansen*, 156 Idaho 169, 173, 321 P.3d 719, 723 (2014) (quoting *State v. Carter*, 155 Idaho

---

[1] Elias does not challenge his burglary conviction.

170, 172, 307 P.3d 187, 189 (2013)). This Court exercises free review when interpreting a statute's meaning and applying the facts to the law. *Stonebrook Const., LLC v. Chase Home Fin., LLC*, 152 Idaho 927, 931, 277 P.3d 374, 378 (2012). This Court "will uphold a judgment of conviction entered upon a jury verdict so long as there is substantial evidence upon which a rational trier of fact could conclude that the prosecution proved all essential elements of the crime beyond a reasonable doubt." *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009) (citing *State v. Sheahan*, 139 Idaho 267, 285, 77 P.3d 956, 974 (2003)).

### III. ANALYSIS

The issue presented by this appeal is whether the State produced sufficient evidence at trial to support the jury's finding that Elias was guilty of forcible sexual penetration by use of a foreign object. The outcome of this appeal turns upon what the Legislature intended when it used the word "force" in Idaho Code section 18-6608. At the time of Elias' conduct giving rise to this charge, Idaho Code section 18-6608,[2] entitled "forcible sexual penetration by use of foreign object," provided:

> Every person who, for the purpose of sexual arousal, gratification or abuse, causes the penetration, however slight, of the genital or anal opening of another person, by any object, instrument or device, against the victim's will by use of force or violence or by duress, or by threats of immediate and great bodily harm, accompanied by apparent power of execution, or where the victim is incapable, through any unsoundness of mind, whether temporary or permanent, of giving legal consent, or where the victim is prevented from resistance by any

---

[2] Idaho Code section 18-6608 was amended by the Legislature during the 2014 session and now provides:

> Every person who, for the purpose of sexual arousal, gratification or abuse, causes the penetration, however slight, of the genital or anal opening of another person, by any object, instrument or device:
> (1) Against the victim's will by:
>     (a) Use of force or violence; or
>     (b) Duress; or
>     (c) Threats of immediate and great bodily harm, accompanied by apparent power of execution; or
> (2) Where the victim is incapable, through any unsoundness of mind, whether temporary or permanent, of giving legal consent; or
> (3) Where the victim is prevented from resistance by any intoxicating, narcotic or anesthetic substance; or
> (4) Where the victim is at the time unconscious of the nature of the act because the victim:
>     (a) Was unconscious or asleep; or
>     (b) Was not aware, knowing, perceiving or cognizant that the act occurred
> shall be guilty of a felony and shall be punished by imprisonment in the state prison for not more than life.

2014 Idaho Sess. L. ch. 165, § 1, p. 467. This amendment, effective July 1, 2014, directly addresses the facts at issue in this case by making it unlawful to penetrate the genital opening with a foreign object while the victim is asleep. However, this appeal addresses the statute as it existed on July 20, 2012.

3

intoxicating, narcotic or anesthetic substance, shall be guilty of a felony and shall be punished by imprisonment in the state prison for not more than life.

"Statutory interpretation begins with 'the literal words of the statute, and this language should be given its plain, obvious, and rational meaning.'" *Seward v. Pac. Hide & Fur Depot*, 138 Idaho 509, 511, 65 P.3d 531, 533 (2003) (quoting *Jen–Rath Co. v. Kit Mfg. Co.*, 137 Idaho 330, 335, 48 P.3d 659, 664 (2002)). "The objective of statutory interpretation is to give effect to legislative intent." *State v. Yzaguirre*, 144 Idaho 471, 475, 163 P.3d 1183, 1187 (2007). "Such intent should be derived from a reading of the whole act at issue." *St. Luke's Reg'l Med. Ctr., Ltd. v. Bd. of Comm'rs of Ada Cnty.*, 146 Idaho 753, 755, 203 P.3d 683, 685 (2009). "If the statutory language is unambiguous, 'the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction.' " *Id.* (quoting *Payette River Prop. Owners Ass'n v. Bd. of Comm'rs of Valley Cnty.*, 132 Idaho 551, 557, 976 P.2d 477, 483 (1999)). This is because "[t]he asserted purpose for enacting the legislation cannot modify its plain meaning." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 892–93, 265 P.3d 502, 505–06 (2011).

Neither party has asserted that Idaho Code section 18-6608 is ambiguous nor do we find it so; thus, the plain language of the statute governs and this Court will not resort to rules of statutory construction for guidance. *Stonebrook Construction, LLC*, 152 Idaho at 931, 277 P.3d at 378. Deconstructing this statute into its elements, the statute reads:

[1] Every person who,

[2] for the purpose of sexual arousal, gratification or abuse,

[3] causes the penetration, however slight, of the genital or anal opening of another person,

[4] by any object, instrument or device,

[5] against the victim's will by use of

    [a] force or

    [b] violence or

    [c] by duress, or

    [d] by threats of immediate and great bodily harm, accompanied by apparent power of execution,

or

[5] where the victim is incapable, through any unsoundness of mind, whether temporary or permanent, of giving legal consent,

4

or

[5] where the victim is prevented from resistance by any intoxicating, narcotic or anesthetic substance,

shall be guilty of a felony and shall be punished by imprisonment in the state prison for not more than life.

Thus, there are three means by which a defendant can commit the crime defined by Idaho Code section 18-6608. The first is where the penetration is perpetrated against the victim's will by use of: (1) force; (2) violence; (3) duress; or, (4) threats of immediate and great bodily harm, accompanied by apparent power of execution. The second is where there is penetration and the victim is incapable of giving legal consent by reason of unsoundness of mind, whether temporary or permanent. The final means of committing the crime is by penetration when the victim has been prevented from resistance by any intoxicating, narcotic or anesthetic substance.

In this case, neither the second nor the third means of committing forcible sexual penetration are at issue. The State did not allege that Elias achieved penetration against S.S.'s will by means of violence, duress, or a threat of immediate and great bodily harm that was accompanied by apparent power of execution. Thus, the only question presented by this appeal is whether the jury was presented with substantial evidence that Elias penetrated S.S.'s vaginal against her will by the use of force.

This Court will uphold a jury's judgment of conviction entered upon a verdict where "there is substantial evidence upon which a rational trier of fact could conclude that the prosecution proved all essential elements of the crime beyond a reasonable doubt." *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009) (citations and quotations omitted). Substantial evidence is evidence that a reasonable trier of fact would accept and rely upon "in determining whether a disputed point of fact has been proven." *Id*. "On appeal from a defendant's conviction, we view the evidence in the light most favorable to the prosecution in determining whether substantial evidence exists." *Id*.

There was substantial evidence to support the jury's finding that Elias caused the penetration of S.S.'s vaginal opening by the use of an object, i.e., his fingers.[3] In addition to S.S.'s testimony, the jury also received the testimony of Dr. Amon as to the nature of the injury that he observed. As the jury was free to infer Elias' intent from this conduct, *State v. Warden*,

---

[3] A finger is an object for purposes of the statute. *State v. Browning*, 123 Idaho 748, 750, 852 P.2d 500, 502 (Ct. App. 1993) ("the phrase 'any object' is not ambiguous. It includes both animate and inanimate objects, including a human finger.").

100 Idaho 21, 24, 592 P.2d 836, 839 (1979), we hold that there was substantial evidence that Elias inserted his fingers into S.S.'s vagina for the purpose of sexual arousal, gratification or abuse. *State v. Marsh*, 141 Idaho 862, 867, 119 P.3d 637, 642 (Ct. App. 2004); *State v. Parkinson*, 128 Idaho 29, 38, 909 P.2d 647, 656 (Ct. App. 1996).

This leaves only the question whether there was substantial evidence that Elias accomplished the penetration against S.S.'s will by use of force. This is the issue to which the parties have devoted the majority of their briefing. Elias argues that when the State seeks to prove a defendant used force to cause penetration it must prove that the defendant used an amount of force in excess of the amount of force necessary to accomplish the penetration itself. Elias argues that this interpretation of force must be accepted, otherwise the term force within Idaho Code section 18-6608 would be surplusage. Elias relies heavily on this Court's holding in *State v. Jones*, where the Court adopted the extrinsic force standard when interpreting Idaho's forcible rape statute, Idaho Code section 18-6101(4). 154 Idaho 412, 422, 299 P.3d 219, 229 (2013).[4]

The State argues that application of the extrinsic force standard adopted in *Jones* is not warranted in this case because forcible rape and forcible sexual penetration with a foreign object require distinct showings of force. The State argues that under the forcible rape statute, lack of consent is proven by evidence that the assailant overcame the victim's resistance by force or violence, whereas under the forcible sexual penetration statute the State must only show that the assailant caused the penetration by use of force and that that *Jones*' extrinsic force standard should not be applied to Idaho Code section 18-6608. Citing to Black's Law Dictionary, the State argues that "force" is defined as "[p]ower violence, or pressure directed against a person or thing."

---

[4] Elias also argues that under the doctrine of *in pari materia*, the absence of language in Idaho Code section 18-6608 criminalizing penetration while the victim is sleeping, whereas such language is specifically included in Idaho Code section 18-6101, demonstrates that the Legislature intentionally omitted penetration occurring while the victim is sleeping from Idaho Code section 18-6608. However, we do not address this argument because it is premised on principles of statutory construction that are employed to determine legislative intent behind ambiguous statutes. *Killeen v. Vernon*, 121 Idaho 94, 97, 822 P.2d 991, 994 (1991) ("when a statute contains ambiguous language, we look to the other statutes in the title or act relating to the same subject matter and read them *in para materia* in an effort to determine what the legislature intended.").

A review of *Jones* is appropriate to give context to the parties' differing interpretations in this case. The defendant in *Jones* was charged and convicted by a jury on two counts of forcible rape under Idaho Code section 18-6101(4)[5]; which provides, in pertinent part:

> Rape is defined as the penetration, however slight, of the oral, anal or vaginal opening with the perpetrator's penis accomplished with a female under any one (1) of the following circumstances:
>
> ....
>
> (4) Where she resists but her *resistance is overcome by force or violence*.

The defendant in *Jones* argued that his conviction could not be upheld because the State failed to prove resistance on the part of the victim and also failed to establish that he exerted force that overcame the victim's resistance. 154 Idaho at 418, 299 P.3d at 225. Accordingly, the Court was tasked with interpreting the terms "resistance" and "force or violence" overcoming resistance as they are used in Idaho Code section 18-6101(4). The primary issue on appeal in *Jones* was "the meaning of 'force or violence' overcoming resistance, for the purposes of I.C. § 18–6101(4)." 154 Idaho at 421, 299 P.3d at 228. The Court recognized that historically there are two primary approaches in interpreting "force or violence" in forcible rape statutes: "the extrinsic force standard, which defines 'force' as anything beyond that which is inherent or incidental to the sexual act itself and the intrinsic force standard, which deems the force inherent in intercourse as sufficient to substantiate a charge of forcible rape." *Id*.

Ultimately, the Court adopted the extrinsic force standard. *Id*. at 422, 299 P.3d at 229. In adopting the extrinsic force standard, the Court noted that "[t]he extrinsic force standard is the traditional view and 'is still the most commonly adopted' " among jurisdictions with forcible rape statutes that require the defendant to overcome or prevent the victim's resistance. *Id*. at 421, 299 P.3d at 228. With this traditional view in mind, and relying on the plain language of Idaho's forcible rape statute, Idaho Code section 18-6101(4), the Court held that the extrinsic force standard applies in Idaho because if the intrinsic force standard were accepted Idaho Code section 18-6101(4)'s force element would be rendered moot.[6] *Id*. at 422, 299 P.3d at 229.

---

[5] When Jones was charged, forcible rape was codified at Idaho Code section 18-6101(3), however an amendment in 2010 redesignated (3) as subsection (4) but made no changes to the text of the statute. *Jones*, 154 Idaho at 416 n.4, 299 P.3d at 223 n.4.

[6] The Court's exact statement was:

> Based on the plain language of I.C. § 18–6101([4]), we hold that the extrinsic force standard applies in Idaho. Section 18–6101([4]) defines forcible rape as "penetration, however slight," "[w]here [a woman] resists but her resistance is overcome by force or violence." Were we to construe "force" as encompassing the act of penetration itself, it would effectively render the

Accordingly, "to give full effect to the complete text of the statute" the Court adopted the extrinsic force standard. *Id.*

Although Idaho Code section 18-6608 differs from the forcible rape statute at issue in *Jones* in that it does not require the prosecution to prove that the victim resisted, the statute requires that the prosecution in this case prove that the penetration be accomplished "against the victim's will by use of force." The clause at issue reads: "against the victim's will by use of force or violence or by duress, or by threats of immediate and great bodily harm, accompanied by apparent power of execution." The plain text of this portion of the statute clearly requires that: (1) the victim is aware of the impending penetration; (2) that the victim's will is that penetration should not occur; and (3) the victim's will is of no effect due to the defendant's use of force, violence, duress or threats of immediate and great bodily harm, accompanied by apparent power of execution. If we were to adopt the State's view, the use of force would become mere surplusage because the statutorily-required nexus between the victim's will and the use of force would be eliminated.

In this case, there was no evidence that S.S. was aware of the impending penetration or that her will was rendered ineffective by Elias' use of force. Therefore, we must reverse Count I of the judgment of conviction.

As previously noted, Elias was placed on probation for a fourteen year term. The maximum sentence that may be imposed for burglary is ten years. I.C. § 18-1403. Because Idaho Code section 20-222 provides that Elias' term of probation may not exceed the maximum sentence that may have been imposed,[7] we remand for further proceedings to modify the order of probation as to its duration.

---

force element moot. Force would *always* be present and never have to be proven, so long as there was sexual intercourse. Generally speaking, "it is incumbent upon a court to give a statute an interpretation which will not render it a nullity." *Hecla Mining Co. v. Idaho State Tax Comm'n,* 108 Idaho 147, 151, 697 P.2d 1161, 1165 (1985).

*Jones*, 154 Idaho at 422, 299 P.3d at 229.

[7] At the time Elias was placed on probation, Idaho Code section 20-222 provided, in pertinent part:

The period of probation or suspension of sentence may be indeterminate or may be fixed by the court, and may at any time be extended or terminated by the court. Such period with any extension thereof shall not exceed the maximum period for which the defendant might have been imprisoned.

The statute was amended during the 2014 Legislative session, 2014 Idaho Sess. L. ch. 150, § 11, p. 424, and this portion of the statute is now codified as Idaho Code section 20-222(1), which provides:

## IV. CONCLUSION

We reverse Count I of the judgment of conviction and remand for proceedings to amend the term of Elias' probation as to Count II.

Chief Justice BURDICK and Justices EISMANN and J. JONES **CONCUR**.

KIDWELL, J., PRO TEM, dissenting.

The conviction as found by the jury is not arbitrary or outside reasonable bounds, therefore I respectfully dissent.

There was substantial evidence, as the majority notes, that the defendant caused the penetration of S.S.'s vagina by use of a foreign object. The question of force was considered by the jury and I am unable to find that the jury did not have enough evidence to interpret the facts presented as they did. The penetration occurred while S.S. was asleep and therefore no consent exists. Whether the force was slight or severe or did not exist was a question of fact decided by the district court. The statute requires a finding of force. Perhaps the jury was too harsh but that is not the province of this court in my opinion.

The majority opinion is reasonable, but the force issue seems to be mis-analyzed. The jury verdict should be affirmed.

---

(1) The period of probation or suspension of sentence shall be fixed by the court and may at any time be extended or terminated by the court. Such period with any extension thereof shall not exceed the maximum period for which the defendant might have been imprisoned.

Although the amendment now requires sentencing courts to prescribe a fixed term of probation, the maximum period of probation remains equal to the maximum period of incarceration that could have been ordered for the underlying offense.