**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40767**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 44** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: July 14, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TERRY LIN SMITH,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment of conviction and sentences for four counts of lewd conduct with a minor under sixteen, one count of sexual battery of a minor child sixteen or seventeen years of age, one count of sexual abuse of a minor child under the age of sixteen, and one count of forcible sexual penetration by use of a foreign object, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Terry Lin Smith appeals from his judgment of conviction after a jury found him guilty of four counts of lewd conduct with a minor under sixteen, one count of sexual battery of a minor child sixteen or seventeen years of age, one count of sexual abuse of a minor child under the age of sixteen, and one count of forcible sexual penetration by use of a foreign object. On appeal, Smith argues that there is insufficient evidence to support his conviction for forcible sexual penetration and also contends that his sentences for each of the counts are excessive. For the reasons that follow, we affirm.

1

# I.

## FACTS AND PROCEDURE

A grand jury indicted Smith with four counts of lewd conduct with a minor under sixteen, one count of sexual battery of a minor child sixteen or seventeen years of age, one count of sexual abuse of a minor child under the age of sixteen, and one count of forcible sexual penetration by use of a foreign object. The case proceeded to trial where the victim, who is related to Smith, testified about Smith's sexual contact with her.

The victim testified that Smith first touched her inappropriately during her fifth or sixth-grade school year, touching "[her] vagina with his fingers."[1] Smith also inserted a toy snake into the victim's vagina, with the victim recalling that Smith moved her legs apart to insert the snake. The victim also recalled that Smith licked her vagina. Smith continued to periodically touch the victim's vagina in the seventh, eighth, and ninth grades. And then, during the ninth grade, Smith began touching his penis to the victim's vagina, although he did not penetrate her, and he ejaculated on the victim's stomach. In addition, Smith shaved the victim's pubic hairs in the ninth grade, telling her that "guys don't like the prickly feeling." Smith also grabbed the victim's breasts in the ninth grade, commenting about their size. Over the summer before the victim's tenth grade year, Smith engaged in sexual intercourse with the victim, penetrating her vagina with his penis. Finally, during the victim's tenth grade year, Smith told the victim to remove all of her clothing and Smith began rubbing the victim's vagina. Smith then donned a blue glove, placed lubricant on the glove, and rubbed the lubricant inside the victim's vagina before placing a condom over his penis and penetrating the victim's vagina. Apparently after Smith had finished, the victim went to the bathroom and was taking a shower when Smith entered the shower and handed the victim a douche.

Smith took the stand and denied that he committed any of the charged acts, but the jury found Smith guilty of all counts. Smith was later sentenced to twenty years, with ten years determinate for each count, with each sentence running concurrently. Smith appeals.

## II.

---

[1] The victim's testimony relevant to the touching did not indicate that Smith penetrated her vagina. The vagina is "a canal that leads from the uterus of a female mammal to the external orifice of the genital canal." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2528 (1993). Likely, the victim meant that Smith was touching her external genitalia. But because the victim used "vagina" throughout her testimony, we also use that term in this opinion.

ANALYSIS

On appeal, Smith argues that there is insufficient evidence to support his conviction of forcible sexual penetration by use of a foreign object.  He also contends that his sentences for each of the counts are excessive.  We address these issues in turn.

## A.    Sufficiency of the Evidence

Smith argues that there is insufficient evidence to support his conviction for forcible sexual penetration by use of a foreign objection.  Appellate review of the sufficiency of the evidence is limited in scope.  A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt.  *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991).  We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence.  *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985).  Moreover, we will consider the evidence in the light most favorable to the prosecution.  *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Idaho Code § 18-6608, as it existed when the alleged crime occurred, provided that "every person who, for the purpose of sexual arousal, gratification or abuse, causes the penetration, however slight, of the genital . . . opening of another person, by any object, instrument or device, against the victim's will by use of force . . . shall be guilty of a felony."[2]  The Idaho Supreme Court recently interpreted the clause providing that the penetration must be "against the victim's will by use of force" in *State v. Elias*, 157 Idaho 511, 337 P.3d 670 (2014).  It explained that the clause "clearly requires that:  (1) the victim is aware of the impending penetration; (2) that the victim's will is that penetration should not occur; and (3) the victim's will is of no effect due to the defendant's use of force."  *Id.* at 517, 337 P.3d at 676.

The Idaho Supreme Court adopted this interpretation after recently concluding that another statute, the forcible rape statute, required an extrinsic force:  "anything beyond that

---

[2]    Idaho Code § 18-6608 was amended in 2014 to also apply where the victim is incapable of giving legal consent because of an unsound mind; where the victim is prevented from resisting due to an intoxicating, narcotic, or anesthetic substance; and where the victim is unconscious or asleep.  *See* 2014 Idaho Sess. Laws, ch. 165, § 1, p. 467.

which is inherent or incidental to the sexual act itself." *Id.* at 516, 337 P.3d at 675 (quoting *State v. Jones*, 154 Idaho 412, 421, 299 P.3d 219, 228 (2013)). Relying on the Court's recent decision in *Jones*, Elias contended that forcible sexual penetration required that "the defendant used an amount of force in excess of the amount of force necessary to accomplish the penetration itself." *Elias*, 157 Idaho at 515, 337 P.3d at 674. The State, on the other hand, argued that forcible sexual penetration, unlike forcible rape, only required that the State show that "the assailant caused the penetration by use of force." *Id.* at 516, 337 P.3d at 675. Explaining that the State's interpretation would eliminate the "statutorily-required nexus between the victim's will and the use of force," and make "the use of force . . . mere surplusage," the Court adopted an extrinsic force standard for forcible sexual penetration. *Id.* at 517, 337 P.3d at 676.

In this case, the victim testified that during her sixth-grade school year, Smith inserted into the victim's vagina a toy snake that was approximately one-and-a-half feet long. When asked how the snake would get in her vagina, she explained that Smith "would move [her] legs apart and put it in." The victim also acknowledged that this happened between one and five times in the school year.

On appeal, Smith maintains that the victim's claim that he would move her legs apart or push them apart "is simply not enough to sustain a conviction." The State takes the opposite view, that "moving legs apart is not inherent in the act of inserting an object into another person's vagina," and that there was substantial evidence for the jury to conclude that Smith committed forcible sexual penetration. We examine the five elements of forcible sexual penetration.

Here, there is substantial evidence to support the jury's conclusion that (1) Smith; (2) for the purpose of sexual arousal, gratification, or abuse; (3) penetrated the vagina of the victim; (4) with a foreign object, specifically a toy snake. *See id.* at 514-15, 337 P.3d at 673-74 (listing the elements). There is direct evidence, through the victim's testimony, that Smith penetrated her vagina with a toy snake. As for the intent element, there is substantial evidence of it simply through proof of the act, because there is no possibility that the act was committed with an innocent intent. *See State v. Folk*, 157 Idaho 869, 879, 341 P.3d 586, 596 (Ct. App. 2014) (explaining with respect to a lewd conduct charge that "intent is inherently shown by proof of the act. The State's evidence of the act, if believed by the jury, left no plausible issue as to Folk's intent. That is, the alleged act could not possibly have been committed with innocent intent.").

4

The remaining element is whether the penetration was "against the victim's will by use of force." *See Elias*, 157 Idaho at 515, 337 P.3d at 674.

Undoubtedly, the victim was aware of the impending penetration in this case, but the State was also required to prove that the victim's will was that penetration should not occur and that the victim's will was of no effect due to the Smith's use of force. *See id.* at 517, 337 P.3d at 676. The key to the last element is the victim's testimony that Smith moved or pushed her legs apart in order to insert the snake. This testimony gives rise to the reasonable inference that Smith had to move the victim's legs apart because she had not opened her legs voluntarily; that is, Smith had to overcome the victim's will (that he not insert the snake) by moving her legs apart (so that he could insert the snake). Beyond the physical aspect of moving the victim's legs apart, other factors also lead to the conclusion that this act amounted to Smith asserting a force to overcome the victim's will: the victim was around twelve years old and in the sixth grade, whereas Smith was around forty-five years old; the victim and Smith were related; and Smith had been touching the victim in other inappropriate ways. *Cf. Chatham v. State*, 845 N.E.2d 203, 206-207 (Ind. Ct. App. 2006) ("Although an element of the offense of sexual battery is that the victim was 'compelled to submit to the touching by force or the imminent threat of force,' the force need not be physical or violent, but may be implied from the circumstances."); *State v. Mueller*, 647 S.E.2d 440, 451 (N.C. Ct. App. 2007) (explaining that North Carolina's courts have recognized that a parent-child relationship "creates a unique situation of dominance and control in which explicit threats and displays of force are not necessary to effect the abuser's purpose"); *State v. Marshall*, 253 P.3d 1017, 1027 (Or. 2011) (discussing Oregon's sexual abuse in the first degree statute, which requires that the victim be subjected to forcible compulsion, and recognizing that "the trier of fact may consider circumstances known to the defendant that relate to whether the victim was in fact 'compelled,' such as the victim's age; the differences in age, size, and strength between the victim and the defendant; the relationship between the victim and the defendant; and similar facts"). Thus, we conclude that there is substantial evidence to satisfy the last element and support the conviction.

Although our conclusion that substantial evidence supports the forcible sexual penetration charge contrasts with the result in *Elias*, there is good reason for this difference. In *Elias*, the Idaho Supreme Court held that there was insufficient evidence to support the forcible penetration conviction because "there was no evidence that S.S. was aware of the impending

penetration or that her will was rendered ineffective by Elias' use of force." *Elias*, 157 Idaho at 517, 337 P.3d at 676. In *Elias*, the victim was *asleep* when she awoke to find that Elias' finger was *already* inside her vagina. Hence, Elias had already completed the act possibly giving rise to forcible sexual penetration when the victim awoke and became aware of Elias' finger inside her vagina. In this case, Smith's victim was awake when he moved her legs apart, and a jury could reasonably infer that he did this to overcome the victim's unwillingness to have him insert the snake. Accordingly, there is substantial evidence to support the conviction for forcible sexual penetration.

**B.    Sentences**

Finally Smith argues that his unified sentences of twenty years, with ten years determinate, for each of the seven counts, running concurrently, are excessive and amount to an abuse of discretion. In this case, the four lewd conduct counts, sexual battery count, and forcible sexual penetration count were punishable by up to life in prison. I.C. §§ 18-1508 (lewd conduct), 18-1508A(4) (sexual battery), and 18-6608 (forcible sexual penetration). The sexual abuse count was punishable by up to twenty-five years in prison. I.C. § 18-1506(5). Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

### III.

### CONCLUSION

There is substantial evidence to support Smith's conviction for forcible sexual penetration by use of a foreign object. In addition, the district court did not abuse its discretion by sentencing Smith to twenty years, with ten years determinate, for each of the seven counts, running concurrently. Therefore, we affirm Smith's judgment of conviction and sentences.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.

6