**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45998**

| | |
|---|---|
| JULIAN MARTIN VALENCIA, | ) |
| | ) **Filed: October 25, 2019** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Order summarily dismissing amended petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Julian Martin Valencia appeals from the district court's summary dismissal of his amended petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In his amended petition, Valencia alleged his trial counsel was ineffective for failing to advise Valencia that he could not be charged under Idaho Code § 18-6608 for forcible penetration with a foreign object. As a result, Valencia's request for relief ultimately turns on whether the State could have charged Valencia under I.C. § 18-6608 for his alleged criminal conduct. For this reason, the underlying facts alleged in Valencia's criminal case are important to the resolution of his claim. Although neither party articulates on appeal the underlying alleged facts, Valencia acknowledges in his declaration in support of his petition that the probable cause affidavit sets forth his alleged crime.

1

According to the probable cause affidavit, Valencia was subject to a series of no-contact orders (NCOs) in January 2013 prohibiting him from contacting his girlfriend. Regardless, Valencia was at his girlfriend's apartment drinking with his girlfriend and her friend, the victim, who was spending the night at the girlfriend's apartment. After the victim went to bed and fell asleep, "she was awoken from a sound sleep, to discover [Valencia] standing on the floor next to the bed [and Valencia's] fingers were down [the victim's] pants and underwear and were penetrating [the victim's] vagina." Valencia attempted to persuade the victim to have sex with him, but when the victim told Valencia she would scream if he did not leave, Valencia left. Valencia returned to the bedroom "moments later," however, and "penetrated [the victim's] vagina again with his fingers." After the victim again threatened to scream, Valencia again left the bedroom. The victim fled the apartment and reported the sexual assault to the police. When the police attempted to make contact with Valencia at the apartment, he fled out a bedroom window before being apprehended.

The State subsequently charged Valencia with battery with the intent to commit a serious felony, rape. I.C. § 18-911. Valencia entered an *Alford*[1] plea, but he then filed a motion to withdraw his plea. The district court denied his motion, and Valencia appealed. This Court vacated the district court's order denying Valencia's motion to withdraw his guilty plea, concluding the district court failed to address whether the plea agreement included a waiver of a persistent violator enhancement. *State v. Valencia*, Docket No. 41796 (Ct. App. May 11, 2015) (unpublished). On remand, the case proceeded to a jury trial, but after Valencia's counsel asked an improper question related to the victim's sexual history, the district court granted the State's motion for a mistrial.

After the mistrial, Valencia agreed to enter an *Alford* plea to a different felony charge of aggravated battery and to four violations of the NCOs. I.C. §§ 18-903(b), 18-907(b), 18-920(3). In exchange, the State agreed to dismiss the remaining NCO violation and to recommend concurrent sentences. As a consequence of this plea agreement, Valencia would not be required to register as a sex offender. Further, the agreement allowed Valencia to avoid a possible persistent violator enhancement, which the State threatened to pursue if Valencia did not plead guilty. Pursuant to the plea agreement, Valencia entered an *Alford* plea to the charge of aggravated battery and to four violations of the NCOs. Valencia indicated on his guilty plea

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

advisory form, however, that he was under "duress."  After a colloquy with the district court during the plea entry hearing, Valencia eventually acknowledged that he was not under duress and that he was pleading guilty to avoid a persistent violator enhancement and having to register as a sex offender.

Later during the sentencing hearing, Valencia again indicated his reluctance to plead guilty.  Valencia personally addressed the district court and complained he was the subject of "vindictive prosecution" based on the State's threat to dismiss the charge of battery with intent to commit rape and to file a different charge against him of which he could potentially be found guilty.  The district court responded the State could file whatever charges against Valencia it believed were justified under the facts.  Nonetheless, the court construed Valencia's comments as a motion to withdraw his guilty plea but then denied that motion.

Thereafter, Valencia filed a petition for post-conviction relief, which was later amended. He asserted two claims of ineffective assistance of counsel, only one of which is the subject of this appeal.  That claim is that Valencia's counsel advised him that, if he did not plead guilty, the State would file a new charge against him under I.C. § 18-6608(4).  That provision criminalizes forcible sexual penetration by use of a foreign object "where the victim is at the time unconscious of the nature of the act because the victim:  (a) was unconscious or asleep; or (b) was not aware, knowing, perceiving or cognizant that the act occurred."  The legislature amended I.C. § 18-6608 to include this provision effective July 1, 2014.  The conduct for which the State charged Valencia, however, occurred in January 2013.  Accordingly, Valencia alleged his "counsel's performance fell beneath an objective standard of reasonableness" for not advising Valencia that the State could not charge him with violating I.C. § 18-6608(4).

The district court filed a notice of intent to dismiss Valencia's amended petition stating Valencia failed to allege facts showing his counsel's performance was deficient.  The court stated, among other things:  (1) Valencia's claim that he "was unaware of the amended code section is not supported by the record as he indicated he was pleading guilty to avoid having to register as a sex offender and to avoid a persistent violator enhancement"; (2) Valencia's counsel had "no constitutional obligation to inform [Valencia] about the code except as it relate[d] to the charge at issue"; (3) "Valencia failed to establish[] how failing to familiarize [Valencia] with the code was deficient performance"; and (4) "[t]he record disproves Valencia's allegation that [c]ounsel failed to inform him of the elements or the amendments."

3

After Valencia responded to the district court's notice of intent to dismiss, the court summarily dismissed Valencia's amended petition. The court ruled that: (1) the State's alleged threat to file a new charge under I.C. § 18-6608(4) did not exist; (2) Valencia entered into the plea agreement to avoid a persistent violator enhancement and having to register as a sex offender; and (3) his plea was entered knowingly and voluntarily. Valencia timely appeals.

## II.

## STANDARD OF REVIEW

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994)

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial court and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

# III.

## ANALYSIS

Valencia asserts the district court erred when summarily dismissing his claim of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

On appeal, Valencia asserts "his attorneys informed him that if he did not accept the plea agreement, the State would charge him, and he could be convicted under the forcible penetration statute, I.C. § 18-6608." Valencia argues this advice was erroneous "because [his counsel] did not realize that the statute at issue had been amended after the alleged crime took place in 2013" and that he could not have been convicted under a statute not in effect at the time of his alleged criminal conduct.

The failing of Valencia's argument is that it narrowly focuses only on a portion of his alleged criminal conduct. Specifically, Valencia only addresses the first alleged incident when he penetrated the victim's vagina with his fingers while she was asleep. Valencia ignores the second alleged incident when he returned "moments later" to the bedroom and again penetrated the victim's vagina with his fingers after he had already awakened her during the first incident. Because Valencia ignores this second alleged incident when the victim was awake, Valencia only addresses I.C. § 18-6608(4) as amended (effective July 2014) to criminalize forcible penetration while the victim is "unconscious of the nature of the act." *See* I.C. § 18-6608(4). Valencia does not address the potential application of I.C. § 18-6608 as it existed in January 2013 to the second alleged incident when the victim was awake. Valencia's narrow focus

5

incorrectly assumes the State only considered charging Valencia under the new statute for the first alleged incident.

In fact, the record shows the State actually considered charging Valencia for the second alleged incident under the version of I.C. § 18-6608 in effect in January 2013. This intention is evident from the prosecution's representations to the district court during the sentencing hearing. In opposing Valencia's assertion he was being "vindictively" prosecuted, the prosecutor explained:

> There were discussions whether or not the state would pursue or could pursue a charge of forcible penetration with a foreign object. I can indicate that I had conversations with [defense counsel], that I, based on the case law at the time and based on . . . based on statute, the *first incident* where [Valencia] put his fingers inside of the victim, I did not believe I could charge that because she was asleep at the time . . . . That statute was amended about a year and a half ago to address that issue. *The issue was the second one.* The conversations I had with [defense counsel] is [sic] that it was very unlikely that the state would be pursuing those charges because we are and we were late in the game, but it was certainly something that we looked at.

(Emphasis added.)[2] In this statement, the prosecutor expressly acknowledged that the State could *not* charge Valencia for the first alleged incident under the law applicable at the time of Valencia's purported conduct--i.e., the pre-amended I.C. § 18-6608--because the victim was asleep but that the State had considered charging Valencia for the second alleged incident under that applicable law.

Valencia's counsel confirmed during the plea entry hearing that he had discussions with the prosecutor about the State's understanding of its ability to charge Valencia with the second alleged incident under the pre-amended I.C. § 18-6608:

> I had conversations with [the prosecutor] . . . about the state's potentially, and that there was apparently at some point . . . there was [talk] about dismissing and filing of a different charge . . . . I think that also played a role in [Valencia's guilty

---

[2]     The State argues the prosecutor's reference to "the second one" in this statement related to the State's intention to seek a persistent violator enhancement. We disagree. Days earlier, the prosecutor unequivocally represented to the district court during the plea entry hearing that the State intended to seek a persistent violator enhancement if Valencia refused to plead guilty--even if the law did not support such an enhancement under the circumstances, and the issue resulted in an appeal. Accordingly, the prosecutor's reference to "the second one" is not a reference to the persistent violator enhancement but rather to the second instance in which Valencia allegedly penetrated the victim's vagina with his fingers.

plea], be we did have conversations with regards to that and I just wanted to put that on the record.

. . . .

And I'm not saying that the state was going to . . . we just had conversations about them having the ability to do so.

This record shows that the State understood it could not charge Valencia for the first alleged incident when the victim was asleep under the newly amended I.C. § 18-6608(4); was contemplating charging Valencia under I.C. § 18-6608 as applicable in 2013 for the second alleged incident of forcible penetration when the victim was awake; and had communicated to Valencia's counsel the State's understanding of its ability to charge Valencia under I.C. § 18-6608. Accordingly, the premise of Valencia's argument that his counsel's performance was deficient for failing to advise him that the State could not charge him under the amended I.C. § 18-6608(4) for allegedly penetrating the victim's vagina with his fingers while she was asleep is faulty.

The key question in resolving whether the advice of Valencia's counsel was deficient is whether the State could have charged Valencia for the second alleged incident under the version of I.C. § 18-6608 in effect in January 2013. In January 2013, proof of forcible penetration with a foreign object required that the victim be aware and that the penetration be against the victim's will. Specifically, proof under I.C. § 18-6608 required that: "(1) the victim is aware of the impending penetration; (2) . . . the victim's will is that penetration should not occur; and (3) the victim's will is of no effect due to the defendant's use of force." *State v. Smith*, 159 Idaho 177, 179, 357 P.3d 1285, 1287 (Ct. App. 2015) (quoting *State v. Elias*, 157 Idaho 511, 517, 337 P.3d 670, 676 (2014)). Although Valencia's alleged penetration of the victim's vagina while she was asleep would not meet this test, the second alleged instance arguably would.

Because the State actually contemplated charging Valencia under I.C. § 18-6608 for the second alleged incident and shared that potential with Valencia's counsel and because that second alleged incident arguably met the elements of I.C. § 18-6608 in effect in January 2013, the performance of Valencia's counsel was not deficient for advising Valencia that the State could file a new charge against him for forcible penetration with a foreign object if he refused to accept the plea agreement. That Valencia's counsel may have been under the mistaken belief that I.C. § 18-6608(4) was applicable to the first alleged incident, despite Valencia's conduct having occurred in January 2013, is of no consequence because Valencia's counsel was correct about the potential applicability of the statute to the second alleged incident. Regardless of any

7

such mistaken belief, the fact remains that Valencia's conduct in January 2013 arguably violated the version of I.C. § 18-6608 in effect at the time. As a result, the substance of Valencia's counsel's advice was accurate--the State could have charged Valencia with forcible penetration with a foreign object if he refused to accept the plea offer.

Further, we are not persuaded by Valencia's contention that his counsel's performance was deficient for failing to advise him whether the State "would" actually charge him for forcible penetration with a foreign object if he refused to plead guilty. Whether the State actually *would* have charged Valencia under I.C. § 18-6608 if he had not pled guilty is speculative and is not conduct within the control of Valencia's counsel. Nonetheless, Valencia was present at the plea hearing when his counsel explained his understanding that the State would not likely file a new charge against Valencia and also at the sentencing hearing when the prosecutor explained it was "late in the game" to charge Valencia for the second alleged incident under the applicable law. Accordingly, the record supports the conclusion that Valencia was aware of the nature of the State's intentions to file a new charge against him.

Moreover, even assuming the performance of Valencia's counsel was somehow deficient, Valencia has failed to establish prejudice. Valencia's allegation of prejudice is that, but for his counsel's failure to advise him he could not be convicted under I.C. § 18-6608(4), he would not have pled guilty. This allegation, however, is premised on the fallacy that the State could not otherwise charge Valencia under I.C. § 18-6608 as it existed in January 2013. To the extent Valencia's plea was premised on his belief the State could charge him with forcible penetration with a foreign object, that belief was actually correct.

Finally, we reject Valencia's suggestion that his guilty plea was not voluntary or that he suffered any prejudice. As the district court correctly ruled, Valencia's plea was voluntary. He acknowledged he was not under duress but rather pleading guilty to avoid registering as a sex offender and being subject to a persistent violator enhancement. The district court correctly determined that Valencia's stated reasons for pleading guilty belied his subsequent claim that he would not have pled guilty. Further, nothing in the record indicates Valencia did not understand the nature of the charges to which he was pleading guilty or the consequences of that plea. *See State v. Umphenour*, 160 Idaho 503, 507, 376 P.3d 707, 711 (2016) (ruling whether plea is voluntary turns on: (1) whether defendant understood nature of charges and was not coerced; (2) whether defendant knowingly and intelligently waived his rights to jury trial, to confront his

8

accusers, and to refrain from incriminating himself; and (3) whether defendant understood the consequences of pleading guilty).

## IV.
## CONCLUSION

Valencia has failed to present a prima facie claim of ineffective assistance of counsel related to his guilty plea. Therefore, Valencia has failed to show the district court erred in summarily dismissing his petition for post-conviction relief. Accordingly, we affirm the district court's summary dismissal order.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.