IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 47766

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 12, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| MATTHEW FERNANDO MEDRANO, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying Idaho Criminal Rule 35 motion, reversed and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

———————————————————

BRAILSFORD, Judge

Matthew Fernando Medrano appeals from the district court's denial of his motion to correct an illegal sentence. We reverse and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a prior conviction in 2018 for statutory rape, Medrano is required to register as a sex offender. In July 2019, Medrano registered as a sex offender but failed to pay the required fee. As a result, law enforcement attempted to contact Medrano at his registered address and learned he had changed residences. Since changing residences, Medrano had not registered his new address within two working days in violation of Idaho Code § 18-8309(1). As a result, law enforcement arrested Medrano, and the State charged him with failure to register as a sex offender. *Id.*

1

Medrano pled guilty, and the parties entered into a binding plea agreement under Idaho Criminal Rule 11(f)(1)(C) and agreed the district court should impose a unified sentence of five years with two years determinate, suspend that sentence, and place Medrano on probation for four years. At the sentencing hearing, the court agreed to this term. Further, the court ordered that Medrano pay a portion of his public defender's attorney fees, a fine, and court costs and that Medrano begin in March 2020 paying $50 each month towards satisfying those obligations. During the hearing, the court stated: "I can't let you off of probation until all of the fines and fees are paid in full; okay?" Medrano did not respond to this statement.

After the sentencing hearing, the district court entered a judgment of conviction on December 19, 2019, imposing a sentence in accordance with the court's acceptance of the plea agreement's sentencing term. The judgment also required Medrano to pay $945.50, which included $245.50 in court costs, a $300 fine, $100 for a DNA analysis, and $300 for the public defender. The judgment stated that "payments shall commence on the 1st day of March, 2020, at the rate of $50.00 per month." Further, the judgment stated:

> **SHOULD THE DEFENDANT FAIL TO PAY RESTITUTION OR OTHER COURT-ORDERED FINANCIAL OBLIGATIONS BEFORE THE EXPIRATION OF PROBATION, THE TERM OF PROBATION WILL BE EXTENDED, WITHOUT FURTHER ORDER OF THE COURT, UNTIL SUCH TIME AS THE DEFENDANT HAS COMPLETED PAYMENT OF SAID COURT-ORDERED OBLIGATIONS.**

On January 30, 2020, Medrano timely appealed the judgment of conviction, identifying as an appellate issue whether the district court abused its discretion "concerning the terms and conditions of probation." Thereafter, on August 11, Medrano moved the court to modify his judgment. Specifically, Medrano challenged the judgment's probationary term extending his probation without further court order until all the court-ordered financial obligations are paid.[1] The court denied Medrano's motion that same day without a hearing by stamping "denied" on the first page of the motion with a note to "Please refer to [I.C. §] 20-221."

---

[1] Medrano also filed a motion to modify the judgment to amend certain terms and conditions of Medrano's probation related to his supervision as a sex offender. The district court denied this motion, but Medrano does not appeal that denial.

On appeal, Medrano challenges the district court's denial of his motion to modify his judgment of conviction.[2]

## II.

## STANDARD OF REVIEW

Pursuant to Idaho Criminal Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a Rule 35 motion to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993). Under Rule 35(a), the term "illegal sentence" "is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing." *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009). The rule "is limited to legal questions surrounding the defendant's sentence," and any factual issues must be apparent from the face of the record. *Id.* at 88, 218 P.3d at 1149.

## III.

## ANALYSIS

On appeal, Medrano asserts his probationary period of four years or until all of his court-ordered financial obligations are paid, whichever comes later, is illegal because "the court had a duty to set an end date that was within the maximum period for which [Medrano] may have been imprisoned." A trial court's sentencing authority is derived from statute. *State v. Dunne*, 166 Idaho 541, 542, 461 P.3d 823, 824 (Ct. App. 2020). This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the statutory language is clear and

---

[2] Medrano filed his notice of appeal before the district court denied his Rule 35 motion. This Court has previously ruled that "Idaho Appellate Rule 17(e)(1)(C) provides that a notice of appeal from a judgment is deemed to include all post-judgment orders and decrees" and that "an order denying a motion to modify a sentence is such a post-judgment order." *State v. Fortin*, 124 Idaho 323, 326, 859 P.2d 359, 362 (Ct. App. 1993). Accordingly, Medrano may properly challenge the district court's denial of his motion based on his prior notice of appeal filed following the judgment of conviction.

unambiguous, the Court need not refer to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

The relevant statutes in this case are I.C. §§ 18-8311(1), 19-2601, and 20-222(1). Idaho Code section 19-2601(2) authorizes a suspended judgment. When a trial court suspends a judgment, it "may place the defendant on probation under such terms and conditions as it deems necessary and appropriate." *Id*. Idaho Code section 20-222(1), however, limits the period of time for which a trial court may place a defendant on probation by requiring the period "shall be fixed by the court." The Idaho Supreme Court has also noted that I.C. § 20-222(1) "requires sentencing courts to prescribe a fixed term of probation." *State v. Elias*, 157 Idaho 511, 517 n.7, 337 P.3d 670, 676 n.7 (2014) (noting distinction between "fixed" and "indeterminate" probation).

Further, I.C. § 19-2601(7) provides the period of probation for a felony may not exceed "the maximum period for which the defendant might have been imprisoned." *See also* I.C. § 20-222(1) (providing any extension of probation must "not exceed the maximum period for which the defendant might have been imprisoned"). Finally, the maximum period of imprisonment for failing to register as a sex offender is ten years. I.C. § 18-8311(1). If the term of probation exceeds this statutory maximum, then the term violates the governing statutes and exceeds the trial court's sentencing authority. *Dunne*, 166 Idaho at 543, 461 P.3d at 825; *see also State v. Kesling*, 155 Idaho 673, 677, 315 P.3d 861, 865 (Ct. App. 2013).

Construed together, I.C. §§ 18-8311(1), 19-2601(7) and 20-222(1) clearly and unambiguously provide the district court was required to fix Medrano's probationary period not to exceed the statutory maximum of ten years for failing to register as a sex offender. The court, however, imposed a probationary period of four years or until Medrano satisfies his court-ordered financial obligations. In other words, the probationary period imposed is four years but only if Medrano satisfies his obligations within that period. Otherwise, Medrano's probation is indeterminate and continues indefinitely until he satisfies those obligations. The period, thus, may extend beyond the maximum period of ten years. Accordingly, Medrano's probationary period of four years or until he satisfies his court-ordered financial obligations violates both the unambiguous statutory requirement that the district court fix a probationary period and that the period may not be for more than the maximum possible period for which Medrano might have been imprisoned. This conclusion is also supported by the Idaho Legislature's 2014 amendment

4

of I.C. § 20-222(1) to eliminate a sentencing court's discretion to impose an "indeterminate probationary period." *See Elias*, 157 Idaho at 517 n.7, 337 P.3d at 676 n.7 (noting I.C. § 20-222(1) amended in 2014 to require court to impose "fixed" probationary period and to eliminate court's discretion to impose "indeterminate" probationary period).

Contrary to the district court's suggestion, I.C. § 20-221 does not provide a basis for denying Medrano's motion. Although the court did not provide any analysis when denying the motion, it did cite generally to I.C. § 20-221 without explanation. The court's intention may have been to direct Medrano to the provision in I.C. § 20-221 providing that "the court . . . may at any time modify any terms or conditions of probation." I.C. § 20-221(1).

The district court's ability to modify the terms of probation at any time under I.C. § 20-221, however, does not support the court's denial of Medrano's motion. The court was not modifying Medrano's probation by denying his motion because the court originally ordered the challenged probationary term in the judgment of conviction, not as a modification of that judgment. Moreover, to the extent the court's denial was a "modification," the court failed to provide Medrano notice and an opportunity to be heard before denying the motion. *See State v. Gibbs*, 162 Idaho 782, 788, 405 P.3d 567, 573 (2017) (addressing legal standard governing probationary modification proceedings and ruling modification may be made for good cause "after notice to the parties and affording the parties an opportunity to be heard").

Finally, we reject the State's argument that this Court lacks jurisdiction to address Medrano's appeal because his challenge is not ripe for review. The purpose of the ripeness doctrine is to prevent courts from addressing purely abstract disagreements. *State v. Manley*, 142 Idaho 338, 342, 127 P.3d 954, 958 (2005). To establish ripeness, a party must show that (1) the case presents definite and concrete issues; (2) a real and substantial controversy exists versus hypothetical facts; and (3) there is a present need for adjudication. *Id.*

In this case, the State neither disputes the meaning of applicable statutes nor challenges Medrano's argument that his probationary term is illegal under those statutes. Instead, the State asserts that "the district court has not ordered an illegal period of probation" because "the contingency that would theoretically render it illegal has not happened and is unlikely to happen." In support, the State argues Medrano's assertion that his probation would extend beyond ten years is "speculative" because, if Medrano began paying $50 a month on his court-ordered financial obligations in March 2020, as ordered, then "the entire amount should be paid

off by September 1, 2021, well within the four[-]year probationary period [and] much less than the ten[-]year maximum probationary period." Based on this analysis, the State argues there is no controversy for this Court to address.

We disagree. As noted above, the applicable statutes require the district court to order a fixed period of probation not to exceed ten years. Contrary to these statutes, the court ordered an indefinite period of probation based on the date Medrano satisfies his court-ordered financial obligations. This illegality existed at the time the court entered the judgment of conviction and placed Medrano on probation and is, thus, ripe for review.

## IV.

## CONCLUSION

The term in the judgment of conviction placing Medrano on probation for four years or until he satisfies his court-ordered financial obligations is not fixed but indeterminate and, thus, illegal. Accordingly, we reverse the district court's denial of Medrano's motion challenging this probationary term and remand for further proceedings consistent with this opinion.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.