# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 37868

| | |
|---|---|
| STONEBROOK CONSTRUCTION, LLC, ) ) | |
| Plaintiff-Appellant, ) ) | Boise, January 2012 Term |
| v. ) ) | |
| CHASE HOME FINANCE, LLC, ) ) | 2012 Opinion No. 68 |
| Defendant-Respondent, ) ) | Filed: April 26, 2012 |
| and ) ) | Stephen Kenyon, Clerk |
| JOSHUA ASHBY and KATRINA ASHBY, ) husband and wife; ALLIANCE TITLE & ) ESCROW CORP. ) ) | |
| Defendants. ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

The district court's grant of summary judgment is affirmed.

Smith, Driscoll & Associates, PLLC, Idaho Falls, for appellant. Buster J. Driscoll argued.

Hawley Troxell Ennis & Hawley LLP, Boise, for respondent. Steven F. Schossberger argued.

_____

HORTON, Justice.

This appeal arises from an action brought by Stonebrook Construction, LLC (Stonebrook or "the LLC") against Chase Home Finance, LLC (Chase), seeking to foreclose a mechanic's lien. The district court granted Chase's motion for summary judgment, holding that Stonebrook was precluded from placing a lien against the subject property because it did not properly register under the Idaho Contractor Registration Act (ICRA or "the Act").

Stonebrook appeals, arguing that Chase lacked standing to assert this defense and is not within the class intended to be protected by the ICRA. Alternatively, Stonebrook contends that

1

the good-faith registration of one member of the LLC constituted actual or substantial compliance with the requirements of the ICRA. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Tyler Schwendiman and Brandon Burton began operating a construction contracting business under the assumed business name "Stonebrook Construction." At that time, Schwendiman also applied for and received a registered general contractor license. In 2007, Schwendiman and Burton filed a certificate of organization with the Idaho Secretary of State and continued operating their business as a limited liability company known as Stonebrook Construction, LLC. This entity did not apply for registration under the ICRA; rather, Stonebrook's members believed that Schwendiman's previous registration fulfilled the requirements of the Act.

Stonebrook entered into a contract to build a home on property in Bonneville County owned by Joshua and Katrina Ashby (the Ashbys). Between November of 2007 and June of 2008, the LLC provided labor and materials for the construction work on the Ashbys' home. The Ashbys executed a deed of trust against the property under which Chase is the successor beneficiary. The deed of trust was recorded on June 4, 2008. The Ashbys failed to pay Stonebrook the amount owed for the work and the LLC recorded a claim of lien against the subject property on August 8, 2008. Stonebrook timely brought an action to foreclose its lien, and Chase moved for summary judgment on the ground that Stonebrook was precluded from placing a lien against the subject property because it failed to comply with the registration requirements of the ICRA. The district court granted Chase's motion and dismissed Stonebrook's claim of lien. Stonebrook appealed and now asks this Court to vacate the district court's judgment and remand for further proceedings.

## II. STANDARD OF REVIEW

This Court reviews appeals from an order of summary judgment *de novo*, and the "standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment." *Curlee v. Kootenai Cnty. Fire & Rescue*, 148 Idaho 391, 394, 224 P.3d 458, 461 (2008) (citations omitted). Thus, summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Under this standard, "disputed facts are construed in favor of the

non-moving party, and all reasonable inferences that can be drawn from the record are drawn in favor of the non-moving party." *Curlee*, 148 Idaho at 394, 224 P.3d at 461. Where "the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Lockheed Martin Corp. v. Idaho State Tax Comm'n,* 142 Idaho 790, 793, 134 P.3d 641, 644 (2006). This Court exercises "free review over interpreting a statute's meaning and applying the facts to the law." *VFP VC v. Dakota Co.*, 141 Idaho 326, 331, 109 P.3d 714, 719 (2005).

## III. ANALYSIS

### A. Chase properly raised Stonebrook's ICRA registration status as a defense.

Stonebrook argues that the district court erred by permitting Chase to raise Stonebrook's ICRA registration status as a defense and submits two arguments in support of its contention. Stonebrook first argues that Chase cannot raise the issue of the LLC's alleged failure to comply with the ICRA because Chase lacks "standing" to assert the statute as a defense. This argument is without merit. As we recently reiterated, "[s]tanding is a subcategory of justiciability, and the standing inquiry is focused on the party seeking relief." *Taylor v. AIA Servs. Corp.*, 151 Idaho 552, ___, 261 P.3d 829, 841 (2011) (citing *Martin v. Camas Cnty.,* 150 Idaho 508, 513, 248 P.3d 1243, 1248 (2011)). Therefore, a defendant's standing "is not at issue" when evaluating the merits of a defense. *Id.*

In this case, Chase was the defendant and invoked Stonebrook's failure to comply with the ICRA as a defense. Chase's standing is therefore not an issue because it is not the party seeking relief. We hold that a defendant is not required to prove standing before raising a contractor's registration status as a defense in an action brought by the contractor.[1]

Stonebrook's second argument relies on precedent addressing the standards for application of a statute to establish negligence per se:

---

[1] Indeed, Stonebrook's complaint does not meet the pleading requirements imposed by the ICRA. Idaho Code § 54-5217(2) provides:

> *No person* engaged in the business or acting in the capacity of a contractor, unless otherwise exempt, *may bring or maintain any action* in any court of this state for the collection of compensation for the performance of any act or contract for which registration is required by this chapter *without alleging and proving that he was a duly registered contractor, or that he was otherwise exempt as provided for in this chapter*, at all times during the performance of such act or contract.

(emphasis added). Although Stonebrook's complaint clearly alleges that Stonebrook provided labor and materials for the construction of the Ashbys' home and sought recovery therefor, the complaint does not allege that Stonebrook was a duly registered contractor nor does it allege that Stonebrook was exempt from the ICRA.

3

> In order for the violation of a statute to be pertinent in a particular case, the statute must be applicable; that is, the statute must be designed to protect (1) the class of persons in which the plaintiff is included (2) against the type of harm which has in fact occurred as a result of its violation.

*Kinney v. Smith*, 95 Idaho 328, 331, 508 P.2d 1234, 1237 (1973) (citing *Prosser on Torts* 191-202 (3d ed. 1964)). Stonebrook argues that in order for Chase to invoke the ICRA in its defense, Chase must demonstrate that it is within the class the ICRA was designed to protect and that its injury is the type of harm the Act was designed to prevent. We disagree.

When the Legislature enacted the ICRA, it took the extraordinary step of expressly stripping the economic protections typically extended to contractors. First, the Act's penalty section prohibits unregistered contractors from bringing or maintaining "any action in any court of this state for the collection of compensation for" any contracting work done. I.C. § 54-5217(2). Second, the Act contains a separate provision expressly denying unregistered contractors the right to place a lien. I.C. § 54-5208.[2] The Act contains no language limiting the circumstances under which these penalties apply. In view of the unambiguous language specifying the significant penalties imposed upon unregistered contractors, the issue to be resolved is not whether Chase is entitled to invoke the Act for its benefit, but whether Stonebrook complied with the Act's registration requirements.

## B. Stonebrook did not actually comply with the ICRA.

Chase argues that the Act specifically requires limited liability companies to register and contains no exception permitting a limited liability company to rely on the registration of one of its members. Stonebrook contends that it complied with the Act because Burton and Schwendiman were acting in combination as a unit known as Stonebrook Construction, first as partners under an assumed business name and later as a limited liability company. Thus, Stonebrook argues, Schwendiman's personal registration satisfies the registration requirement because there is no requirement for every member of a unit to register separately. We hold that Schwendiman's registration does not constitute actual compliance with the ICRA.

---

[2] Idaho Code § 54-5208 states, in relevant part: "A contractor who is not registered as set forth in this chapter, unless otherwise exempt, shall be denied and shall be deemed to have conclusively waived any right to place a lien upon real property as provided for in chapter 5, title 45, Idaho Code."

This Court exercises "free review over interpreting a statute's meaning and applying the facts to the law." *VFP VC*, 141 Idaho at 331, 109 P.3d at 719. The standard this Court applies when interpreting statutes is well established:

> Interpretation of a statute begins with an examination of the statute's literal words. Where the language of a statute is plain and unambiguous, courts give effect to the statute as written, without engaging in statutory construction. Only where the language is ambiguous will this Court look to rules of construction for guidance and consider the reasonableness of proposed interpretations.

*Curlee*, 148 Idaho at 398, 224 P.3d at 465 (citing *Idaho Conservation League, Inc. v. Idaho State Dep't of Agric.,* 143 Idaho 366, 368, 146 P.3d 632, 634 (2006) (internal citations omitted)). A statute "is ambiguous where reasonable minds might differ or be uncertain as to its meaning." *Payette River Prop. Owners Ass'n v. Bd. of Comm'rs of Valley Cnty.*, 132 Idaho 551, 557, 976 P.2d 477, 483 (1999) (citing *Ada Cnty. v. Gibson,* 126 Idaho 854, 856, 893 P.2d 801, 803 (Ct. App. 1995)). "However, ambiguity is not established merely because the parties present differing interpretations to the court." *Id*.

Under the ICRA, it is "unlawful for any person to engage in the business of, or hold himself out as, a contractor within this state without being registered" according to the provisions of the Act. I.C. § 54-5204(1). Further, a contractor that does not register as required by the Act "shall be denied and shall be deemed to have conclusively waived any right to place a lien upon real property as provided for in chapter 5, title 45, Idaho Code." I.C. § 54-5208. The Act defines a contractor as "[a]ny person who in any capacity undertakes, offers to undertake, purports to have the capacity to undertake, or submits a bid to, or does himself or by or through others, perform construction." I.C. § 54-5203(4)(a). A "person" is "any individual, . . . limited liability company, . . . or other entity or organization capable of conducting business, or any combination thereof acting as a unit." I.C. § 54-5203(6). Thus, the literal words of the statute unambiguously indicate that the Legislature intended to require limited liability companies engaged in the business of construction to register as contractors.

Stonebrook argues that Schwendiman and the LLC were a combination acting as a unit. The text of the statute does not support this interpretation. The Act lists a number of entities that are considered "persons" under the Act, and must therefore register, including combinations of those entities when they are "acting as a unit." I.C. § 54-5203(6). Stonebrook suggests that this language means that if entities otherwise required to register are acting together, only one

registration is required. While it may be possible to construct an interpretation that supports this contention, a plain reading of the statute leads us to conclude that the Act requires the listed entities, including combinations of those entities, to register.

In this case, Stonebrook took no affirmative steps to obtain registration as an LLC. Instead, after its compliance with the ICRA was challenged, it applied for registration while simultaneously arguing that it had already complied with the Act because Schwendiman was somehow acting in combination with the limited liability company he formed with Burton. Presumably, Schwendiman and Burton formed the LLC to legally separate themselves from their business and to insulate themselves from personal liability.[3] Nevertheless, Stonebrook invites this Court to accept the proposition that Schwendiman and Burton formed a limited liability company and then worked as individuals in combination with their own limited liability company to perform the very services the LLC was created to do. We are unable to accept this proposition.

The LLC is the entity that entered into the contract, provided the labor and materials, brought the legal action, and filed the claim of lien. The plain language of the Act provides that the LLC was also the entity required to register. Therefore, we affirm the district court's judgment that Stonebrook did not comply with the ICRA.

## C. We do not address Stonebrook's claim of substantial compliance with the ICRA.

Stonebrook, as its alternative argument, asks this Court to apply the doctrine of substantial compliance to the ICRA and argues that Schwendiman's registration constitutes substantial compliance. Although the Act does not specifically provide that substantial compliance will insulate a contractor from the penalties prescribed by I.C. §§ 54-5208 and 54-5217, we can envision circumstances[4] that might lend support to such a claim. However, the facts of this case do not demonstrate that Stonebrook substantially complied with the Act's registration requirement.

The record demonstrates that Stonebrook undertook no effort to comply with the Act prior to or during the performance of the Ashby contract. Indeed, Stonebrook made no effort to comply with the Act's registration requirements until after this lawsuit was filed. As Stonebrook

---

[3] *See* I.C. §§ 30-6-104(1); 30-6-304.
[4] For example: situations where a contractor's attempted registration fails because of either an unintentional error in the application, an administrative error by the Idaho contractor's board, or a temporary lapse in a previously registered contractor's registration.

did not comply with the Act at all, it cannot be said to have substantially complied. Accordingly, we do not decide whether substantial compliance with the Act's requirements will permit an unregistered contractor to avoid the consequences provided by statute.

**D. The district court's decision does not lead to an unreasonably harsh result.**

Stonebrook contends that this Court should recognize Schwendiman's personal compliance with the ICRA in order to avoid an unreasonably harsh result. We disagree. Statutory constructions "that would lead to absurd or unreasonably harsh results are disfavored." *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004) (citing *Payette River Prop. Owners Ass'n v. Bd. of Comm'rs of Valley Cnty.,* 132 Idaho 551, 976 P.2d 477 (1999)). However, the "public policy of legislative enactments cannot be questioned by the courts and avoided simply because the courts might not agree with the public policy so announced." *State v. Village of Garden City*, 74 Idaho 513, 525, 265 P.2d 328, 334 (1953). Therefore, this Court's duty is "to interpret the meaning of legislative enactments without regard to possible results." *Id.*

The solicitude toward contractors reflected in art. XIII, § 6 of the Idaho Constitution and the mechanics' lien laws does not extend to unregistered contractors.[5] When the Legislature enacted the ICRA, it made specific findings that construction "affects the public health, safety and welfare" of Idaho's citizens and "that it is in the public interest to provide a mechanism to remove from practice incompetent, dishonest, or unprincipled practitioners of construction." I.C. § 54-5202. In order to advance these important public interests, the Legislature adopted harsh penalties for contractors that do not comply with the ICRA, providing that unregistered contractors "shall be denied and shall be deemed to have conclusively waived any right to place a lien upon real property." I.C. § 54-5208. As we previously explained, the plain language of the Act unambiguously indicates that the Legislature intended to require all limited liability companies engaged in the business of construction to register as contractors and to preclude those that do not register from enforcing mechanic's liens. Although the result for Stonebrook is harsh, it is the result the Legislature intended. We are not at liberty to disregard this legislative determination as to the most effective means of protecting the public. Thus, we decline to vacate the district court's decision.

---

[5] Stonebrook does not assert that the ICRA violates Idaho Const., art. XIII, § 6.

**E. Neither party is entitled to attorney fees on appeal.**

Both parties request attorney fees on appeal. Stonebrook requests attorney fees on appeal based on I.C. §§ 12-120(3), 12-121, and 45-513. Under I.C. §§ 12-120(3) and 12-121, only the prevailing party is entitled to attorney fees on appeal. Because Stonebrook has not prevailed in this appeal, it is not entitled to attorney fees under either of these statutes. We have held that I.C. § 45–513, "does not allow the award of attorney fees on appeal by materialman's lien claimants." *Franklin Bldg. Supply Co. v. Sumpter*, 139 Idaho 846, 852, 87 P.3d 955, 961 (2004) (citing *Hendrix v. Gold Ridge Mines,* 56 Idaho 326, 330, 54 P.2d 254, 258 (1936)). Therefore, Stonebrook is not entitled to attorney fees on appeal.

Chase seeks attorney fees pursuant to I.C. § 12-121. Attorney fees on appeal may be awarded under I.C. § 12-121 "only if the appeal was brought or defended frivolously, unreasonably, or without foundation. *MBNA Am. Bank, N.A. v. McGoldrick*, 148 Idaho 56, 60, 218 P.3d 785, 789 (2008). Where there is "a legitimate, triable issue of fact or a legitimate issue of law, attorney fees may not be awarded." *Kiebert v. Goss*, 144 Idaho 225, 228, 159 P.3d 862, 865 (2007) (citing *Thomas v. Madsen,* 142 Idaho 635, 639, 132 P.3d 392, 396 (2006)). If there is "at least one legitimate issue presented, attorney fees may not be awarded" under I.C. § 12-121, even if the party that does not prevail on appeal "has asserted other factual or legal claims that are frivolous, unreasonable, or without foundation." *Michalk v. Michalk*, 148 Idaho 224, 235, 220 P.3d 580, 591 (2009) (citing *McGrew v. McGrew,* 139 Idaho 551, 562, 82 P.3d 833, 844 (2003)). In this case, Stonebrook's appeal was neither frivolous, unreasonable, nor without foundation. Based upon citations to authority in other jurisdictions, Stonebrook made a good-faith argument asking this Court to determine whether substantial compliance applied in ICRA cases, which is a legitimate issue not previously addressed by the Court. Although we did not reach this issue, we are unable to find Stonebrook's appeal to have been frivolous. Therefore, we do not award Chase attorney fees on appeal.

## IV. CONCLUSION

We affirm the district court's grant of summary judgment in favor of Chase. Costs, but not attorney fees, to Chase.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.

8