IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 44886

CITY OF IDAHO FALLS, an Idaho
municipal corporation,

   Plaintiff-Appellant,

v.

H-K CONTRACTORS, INC., an Idaho
corporation,

   Defendant-Respondent.

Boise, February 2018 Term

2018 Opinion No. 38

Filed: April 24, 2018

Karel A. Lehrman, Clerk

Appeal from the District Court of the Seventh Judicial District, State
of Idaho, Bonneville County.  Hon. Joel E. Tingey, District Judge.

The judgment of the district court is <u>vacated</u> and this case is
<u>remanded </u>for further proceedings consistent with this Opinion.
Costs on appeal are <u>awarded</u> to Appellant.

Randall D. Fife, Idaho Falls, for Appellant. Michael A. Kirkham
and Randall D. Fife argued.

Smith, Driscoll & Associates, PLLC, Idaho Falls, for Respondent.
B.J. Driscoll argued.

_____

BEVAN, Justice.

   The City of Idaho Falls ("Idaho Falls") appeals from an order dismissing its breach of contract and waste claims against H-K Contractors, Inc. ("H-K"). The district court found Idaho Falls' claims were time barred under the statute of limitations regarding contract actions, pursuant to Idaho Code section 5-216. Idaho Falls appeals claiming the district court erred in applying the statute of limitations to its claims. We vacate the judgment of the district court.

## I. FACTS AND PROCEDURE

   On September 23, 2005, H-K entered into a written contract requiring it to convey a parcel of property to Idaho Falls. The contract required that H-K initially grant Idaho Falls a storm drainage easement "over and across" the parcel.  H-K was also required to convey fee title

to the parcel at a future date, in no event later than March 1, 2010. H-K failed to convey the property to Idaho Falls as required.

On March 9, 2016, Idaho Falls sent a letter to H-K requesting conveyance of title. On June 16, 2016, H-K responded by refusing to convey title to the property, claiming that in 2009 a city official had orally informed H-K that Idaho Falls was no longer interested in the property. Based on that alleged representation, H-K decided to invest in the property to make it profitable.

On November 22, 2016, Idaho Falls filed a complaint against H-K for breach of contract and waste. On December 19, 2016, H-K moved to dismiss the complaint based on the limitation found in Idaho Code section 5-216, alleging Idaho Falls' claims were time barred because they were not brought within the five-year statute of limitations governing contract actions. Idaho Falls countered that the statute of limitations did not apply to it as a subdivision of the State of Idaho. On January 3, 2017, the district court dismissed Idaho Falls' complaint as time barred. On February 16, 2016, Idaho Falls timely filed a notice of appeal, claiming the district court erred in enforcing the five-year limitation set forth in section 5-216.

## II. STANDARD OF REVIEW

This case comes to the Court on review of an order granting H-K's motion to dismiss pursuant to Rule 12(b)(6), for failure to state a claim.

> When this Court reviews an order dismissing an action pursuant to I.R.C.P. 12(b)(6) we apply the same standard of review we apply to a motion for summary judgment. After viewing all facts and inferences from the record in favor of the non-moving party, the Court will ask whether a claim for relief has been stated. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims.

*Joki v. State*, 162 Idaho 5, ___, 394 P.3d 48, 51 (2017) (quoting *Coalition for Agriculture's Future v. Canyon County*, 160 Idaho 142, 145, 369 P.3d 920, 923 (2016)) (internal citations and quotation marks omitted). "In addition, this Court reviews an appeal from an order of summary judgment *de novo*, and this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment." *Id.*

"[T]he interpretation of a statute is a question of law over which this Court exercises free review." *Regan v. Owen*, No. 43848, 2018 WL 1147137, at *2 (Idaho Mar. 5, 2018). In particular, "[t]he determination of the applicable statute of limitation is a question of law over

which this Court has free review." *Guzman v. Piercy*, 155 Idaho 928, 934, 318 P.3d 918, 924 (2014) (citations and quotation marks omitted).

## III. ANALYSIS

**A. The district court erred when it determined the term "state" in Idaho Code section 5-216 did not include Idaho's municipalities.**

The standard this Court applies when interpreting statutes is well established:

Interpretation of a statute begins with an examination of the statute's literal words. Where the language of a statute is plain and unambiguous, courts give effect to the statute as written, without engaging in statutory construction. Only where the language is ambiguous will this Court look to rules of construction for guidance and consider the reasonableness of proposed interpretations.

*Curlee v. Kootenai Cnty. Fire & Rescue*, 148 Idaho 391, 398, 224 P.3d 458, 465 (2008) (quoting *Idaho Conservation League, Inc. v. Idaho State Dep't of Agric.*, 143 Idaho 366, 368, 146 P.3d 632, 634 (2006) (internal citations omitted)). A statute "is ambiguous where reasonable minds might differ or be uncertain as to its meaning." *Payette River Prop. Owners Ass'n v. Bd. of Comm'rs of Valley Cnty.*, 132 Idaho 551, 557, 976 P.2d 477, 483 (1999) (citing *Ada Cnty. v. Gibson,* 126 Idaho 854, 856, 893 P.2d 801, 803 (Ct. App. 1995)).

"Where a statute is clear and unambiguous, the expressed intent of the [L]egislature shall be given effect without engaging in statutory construction. The literal words of a statute are the best guide to determining legislative intent." I.C. § 73-113. "Only where the language is ambiguous will this Court look to rules of construction for guidance and consider the reasonableness of proposed interpretations." *Stonebrook Const., LLC v. Chase Home Fin.*, 152 Idaho 927, 931, 277 P.3d 374, 378 (2012) (citation omitted). Statutory language is not ambiguous "merely because the parties present differing interpretations to the court." *Id.* (quoting *Payette River*, 132 Idaho at 557, 976 P.2d at 483). Rather, statutory language "is ambiguous where reasonable minds might differ or be uncertain as to its meaning." *Id.*

Idaho Code section 5-216 provides a five-year statute of limitations for contract actions. However, the statute also provides that the limitation "shall never apply to actions in the name or for the benefit of the state and shall never be asserted nor interposed as a defense to any action in the name or for the benefit of the state. . . ." I.C. § 5-216. Thus, whether the word "state" includes municipalities is the crux of the question presented in this appeal. The district court

interpreted the term "state" to only apply to the State of Idaho and not its municipalities. Therefore, the court dismissed Idaho Falls' contract claims as time barred under section 5-216. We hold the district court erred by not interpreting the term "state" in section 5-216 to include Idaho's municipalities.

1. The term "state" within Idaho Code section 5-216 is ambiguous because it is subject to reasonably differing interpretations.

The district court found that section 5-216 was unambiguous. In so doing, the court found it was unnecessary to apply any rules of statutory construction in interpreting the statute. We disagree.

There are at least two reasonable interpretations of the term "state" in section 5-216. *See Hamilton ex rel. Hamilton v. Reeder Flying Serv.*, 135 Idaho 568, 572, 21 P.3d 890, 894 (2001) (finding an ambiguity due to the existence of two reasonable interpretations of a statute). In legal parlance the term "state" is generally defined as "[t]he political system of a body of people who are politically organized; the system of rules by which jurisdiction and authority are exercised over such body of people. . . ." Black's Law Dictionary 1627 (10th ed. 2014). Given this definition, it is reasonable the term "state" could encompass either just the State of Idaho or also include its municipalities. Alternatively, reasonable minds like H-K and the district court could interpret the word "state" to be a reference to the State of Idaho as a whole, thus excluding any political subdivisions from its reach. We view both definitions as reasonable. Thus, the statute is ambiguous.

2. Since the statute is ambiguous, rules of statutory construction must be utilized to determine the Legislature's intent in adopting Idaho Code section 5-216.

"If the statute is ambiguous, then it must be construed to mean what the [L]egislature intended for it to mean." *In re Adoption of Doe*, 156 Idaho 345, 349, 326 P.3d 347, 351 (2014) (citing *City of Sandpoint v. Sandpoint Independent Highway Dist.*, 139 Idaho 65, 69, 72 P.3d 905, 909 (2003)). Legislative intent is determined by examining "the literal words of the statute, . . . the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history." *Id.* at 350, 326 P.3d at 352.

Because the term "state" is ambiguous, this Court must look to additional rules of construction for guidance in its interpretation. *Stonebrook Const., LLC*, 152 Idaho at 931, 277 P.3d at 378. A long-standing rule of construction that governs this case declares that terms within

4

different sections of the same chapter of the Idaho Code are presumed to bear the same meaning, "unless there is something to show that there is a different meaning intended, such as a difference in subject-matter which might raise a different presumption." *St. Luke's Magic Valley Reg. Med. Ctr. Ltd. v. Bd. Of Cnty. Comm'rs of Gooding Cnty.*, 149 Idaho 584, 589, 237 P.3d 1210, 1215 (2010) (citation omitted) ("We do not view the Legislature as having intended the word 'resources' to have different meanings within Chapter 35, Title 31."). Stated another way, "[s]tatutes pertaining to the same subject are construed, as far as reasonably possible, to be in harmony with one another." *Regan*, 2017 WL 3927024, at *7 (citing *Christensen v. West*, 92 Idaho 87, 88, 437 P.2d 359, 360 (1968)).

Another rule with similar import is that statutes which are *in pari materia* are to be "taken together and construed as one system, and the object is to carry into effect the intention. It is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions." *State v. Barnes*, 133 Idaho 378, 382, 987 P.2d 290, 294 (quoting *Grand Canyon Dories v. Idaho State Tax Comm'n,* 124 Idaho 1, 4, 855 P.2d 462, 465 (1993)). *See also State v. Yager*, 139 Idaho 680, 689–90, 85 P.3d 656, 665–66 (2004) ("It is a fundamental law of statutory construction that statutes that are in *pari materia* are to be construed together, to the end that the legislative intent will be given effect.").

Both section 5-216 and section 5-225 are found in Title 5, Chapter 2 of the Idaho Code regarding Limitation of Actions; both contain nearly identical language as it pertains to the applicability of the statute of limitations to the "state": "The limitations prescribed in this *chapter apply to actions brought in the name of the state, or for the benefit of the state*, in the same manner as to actions by private parties." I.C. §5-225 (emphasis added); "The limitations prescribed by this *section* shall never apply *to actions in the name or for the benefit of the state* and shall never be asserted nor interposed as a defense to any action *in the name or for the benefit of the state*. . . ." I.C. §5-216 (emphasis added). Thus, these statutes pertain to the same subject matter, and are thus to be construed *in pari materia*.

Accordingly, this Court applies these rules of construction, interpreting the term "state" within section 5-216 consistently with the term "state" in Idaho Code section 5-225. It bears mentioning that each statute was initially adopted in 1881, with section 5-216 previously codified as section 156 and section 5-225 previously codified as section 165. Twenty years later

this Court was called upon to interpret language within section 5-225[1] regarding the applicability of the statute of limitations to the "state." *Bannock County v. Bell*, 8 Idaho 1, 5, 65 P. 710, 712 (1901).

In citing the language of the statute, the Court interpreted the term "state" broadly to include counties, as well as the state as a whole; the Legislature used the word "state" in the statute as a general reference to government, rather than just to the State of Idaho as a body politic. *Id.* In adopting this definition of "state," this Court cited other jurisdictions' holdings that municipalities were also subject to statutes of limitation. *Id.* at 4–5, 65 P. at 711–712 (listing cases from other jurisdictions).

It is likewise significant that we have continued to uphold the operative language interpreted by this Court in *Bannock County v. Bell* in succeeding years. *See e.g.*, *Blaine Cnty. v. Butte Cnty.*, 45 Idaho 193, 261 P. 338 (1927) (Since the statute of limitations is applicable to the state it is likewise applicable to the counties of the state.); *Lemhi Cnty. v. Boise Live Stock Loan Co.*, 47 Idaho 712, 715, 278 P. 214, 216 (1929) ("The limitations prescribed apply to actions brought in the name of, or for the benefit of, the state, . . . and therefore apply to actions brought by counties.").

An additional rule of construction states it is "to be presumed that the [L]egislature in enactment of a statute consulted earlier statutes on the same subject matter." *State v. Long*, 91 Idaho 436, 441, 423 P.2d 858, 863 (1967) (citing *Nampa Lodge No. 1389, etc. v. Smylie*, 71 Idaho 212, 229 P.2d 991 (1951)). Courts must construe statutes "under the assumption that the [L]egislature knew of all legal precedent and other statutes in existence at the time the statute was passed." *Twin Lakes Canal Co. v. Choules*, 151 Idaho 214, 218, 254 P.3d 1210, 1214 (2011) (quoting *City of Sandpoint v. Sandpoint Indep. Highway Dist.*, 126 Idaho 145, 150, 879 P.2d 1078, 1083 (1994)). Due to the nearly identical language between these two statutes, we will apply this Court's interpretation of the term "state" in Idaho Code section 5-225 to the analysis of Idaho Code section 5-216.

Consequently, this Court "assumes that the [L]egislature knew of existing precedent at the time it passed or amended a statute." *St. Luke's Reg'l Med. Ctr., Ltd. v. Bd. of Comm'rs of Ada Cnty.*, 146 Idaho 753, 758, 203 P.3d 683, 688 (2009) (citation omitted). The Legislature

---

[1] The Court will refer to these statutes by their current nomenclature, even though in 1901 the statutes were numbered differently.

enacted section 5-216's exemption for the "state" in 1939. S.L. 1939, ch. 244, § 1. Because the Legislature was aware of this Court's interpretation of the term "state" in the predecessor to section 5-225 in 1901, the Legislature could have used a more specific term to prohibit Idaho's governmental subdivisions from using the section 5-216 exemption—but it did not.[2] Instead of using a more specific term, the Legislature used nearly identical language to that in section 5-225 when enacting the exemption within section 5-216. We do not view the Legislature as intending the term "state" to have a different meaning in section 5-216 than section 5-225, since it duplicated nearly identical language when adopting the exception to 5-216 in 1939.

Because of this Court's prior interpretation of "state" as used in section 5-225, the Legislature's use of the term "state" in section 5-216 should have been interpreted similarly. As stated previously, "[a] statute is viewed as a whole and not in parts or sections, and is animated by its general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole." *Ashley v. Dep't of Health & Welfare*, 108 Idaho 1, 2, 696 P.2d 353, 354 (Ct. App. 1985) (citation omitted). This Court has held that the term "state" in section 5-225 is a general reference to government, rather than just to the State of Idaho. *See Bannock Cnty.*, 8 Idaho at 5, 65 P.at 712; *Barrios*, 162 Idaho 566, ___, 401 P.3d 144, 148 (2017). It would be unharmonious for this Court to now interpret the term "state" in section 5-216 to have a narrower or contradictory meaning within the same Chapter of the Idaho Code. *See St. Luke's Magic Valley*, 149 Idaho at 588, 237 P.3d at 1215. We do not view the Legislature as having intended the term "state" to have different meanings within Title 5, Chapter 2 of the Idaho Code.

Applying these rules of construction and considering the reasonableness of this Court's construction and the policy behind such statutes, *Stonebrook Const., LLC*, 152 Idaho at 931, 277 P.3d at 378, we hold the district court erred when it did not interpret the term "state" in section 5-216 to include Idaho's municipalities.

**B. Because Idaho Falls was the "state," the district court erred when it found its contract claims against H-K were not "for the benefit of the state."**

---

[2] For instance, in section 5-218 the Legislature chose not to use the general term "state"; instead, it used the more specific terms of "the state of Idaho" and "any political subdivision thereof." Likewise, in section 5-247 the Legislature used the term "governmental unit," which is defined as political subdivisions of the state and other governmental agencies.

The district court also found that section 5-216 barred Idaho Falls' contract claims because they were not "for the benefit of the state." I.C. § 5-216 (this "section shall never apply to actions in the name *or for the benefit of the state*. . . .") (Emphasis added). We hold that because Idaho Falls was the "state" for the purposes of section 5-216, the district court erred when it found its contract claims against H-K were not also "for the benefit of the state."

**C. We will not address whether the district court's interpretation of Idaho Code section 5-216 violated the Idaho Constitution.**

Idaho Falls argues, citing *State v. Peterson*, 61 Idaho 50, 97 P.2d 603 (1939) and Idaho Const. art. VIII, that because it transferred public funds to H-K as part of its contract, it is a violation of the Idaho Constitution to apply the statute of limitations in section 5-216 to its contract claims against H-K. We will not address this constitutional question because we resolve the interpretation of section 5-216 on the other grounds set forth in this opinion. *Miller v. Idaho State Patrol*, 150 Idaho 856, 864, 252 P.3d 1274, 1282 (2011) ("The general rule of constitutional avoidance encourages courts to interpret statutes so as to avoid unnecessary constitutional questions."); *see also Hill-Vu Mobile Home Park v. City of Pocatello*, 162 Idaho 588, 402 P.3d 1041, 1047 (2017) ("Whenever an act of the Legislature can be so construed and applied as to avoid conflict with the Constitution and give it the force of law, such construction will be adopted by the courts.").

## IV. CONCLUSION

We vacate the judgment of the district court and remand this case for further proceedings consistent with this Opinion. Costs on appeal to Appellant.

Chief Justice BURDICK, Justices HORTON and BRODY, and Justice *pro tem* LORELLO, CONCUR.

8