# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45679

ASPEN PARK, INC.,

        Plaintiff-Appellant,

v.

BONNEVILLE COUNTY,

        Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)

Boise, June 2019 Term

Opinion Filed: July 10, 2019

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Joel E. Tingey, District Judge.

The judgment of the district court is affirmed.

Hopkins, Roden, Crockett, Hansen & Hoopes, PLLC, Idaho Falls, for appellant. C. Timothy Hopkins argued.

Nelson, Hall, Parry, Tucker, PLLC, Idaho Falls, for respondent. Weston S. Davis argued.

Michael Kane & Associates, PLLC, Boise, for Idaho Association for Counties, *amicus curiae.*

Brad M. Purdy, Boise, for Community Action Partnership Association of Idaho *amicus curiae*.

---

BRODY, Justice.

This case involves the denial of a property tax exemption. Aspen Park, Inc., a nonprofit organization, sought a property tax exemption from Bonneville County for its low-income apartments. The County's Board of Equalization denied an exemption because some of the apartments were leased to tenants with incomes above 60 percent of the county's median income level, a requirement set forth in Idaho Code section 63-602GG(3)(c). Aspen Park appealed to the Idaho Board of Tax Appeals, arguing that the statute allowed vacant apartments to be leased to higher-income earners. After the Board of Tax Appeals denied tax exempt status, Aspen Park

filed a petition for judicial review with the district court. The district court granted Bonneville County summary judgment after deciding that to be eligible for a tax exemption under Idaho Code section 63-602GG, every apartment must be rented to low-income individuals or remain vacant. Aspen Park timely appealed. We affirm the judgment of the district court.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Aspen Park, Inc., an Internal Revenue Code 501(c)(3) nonprofit organization, owns and operates Aspen Park Apartments located in Idaho Falls, Idaho. The apartments consist of 72 units that are meant to be rented to individuals and families whose income is 60 percent or lower than the median income level for Bonneville County.

In 2016, Aspen Park applied for a property tax exemption from Bonneville County under Idaho Code section 63-602GG. Aspen Park's assessed land value was $206,890 and the improvement value was $1,261,020. The Bonneville County Board of Equalization denied Aspen Park's application on multiple grounds, including not meeting the low-income housing property tax exemption requirements found in Idaho Code section 63-602GG. Aspen Park appealed to the Idaho Board of Tax Appeals. The Board affirmed the Board of Equalization's decision denying a property tax exemption. Aspen Park appealed to the district court seeking judicial review of the Idaho Board of Tax Appeals's decision. The district court granted summary judgment to Bonneville County and dismissed the petition for judicial review. Aspen Park timely appealed to this Court.

The primary issue with Aspen Park's low-income property-tax-exemption application was the requirements of Idaho Code section 63-602GG. The statute requires that "all" of the housing units owned by a nonprofit be "dedicated" to providing housing to people who meet certain low-income guidelines. In 2016, Aspen Park rented 13 apartments out of its 72 units to individuals or families who did not qualify for low-income status because their incomes exceeded 60 percent of the County's median income level. I.C. § 63-602GG(3)(c). Bonneville County maintained that the statute required that *all* apartments needed to be rented to low-income occupants or remain vacant. Aspen Park argued that it "dedicated" all of its units to low-income tenants, but instead of allowing apartments to remain vacant, it rented them to non-qualifying tenants while leaving a certain number of apartments vacant for low-income applicants who might apply. The Bonneville County Board of Equalization, the Idaho Board of Tax Appeals, and the district court all interpreted Idaho Code section 63-602GG as requiring that

every apartment be rented to low-income tenants or remain vacant. We agree.

## II.      STANDARD OF REVIEW

"The interpretation of a statute is a question of law over which this Court exercises free review." *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 581, 416 P.3d 951, 953 (2018).

> Our objective when interpreting a statute is "to derive the intent of the legislative body that adopted the act." *Id.* (quoting *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011)). Statutory interpretation begins with the statute's plain language. *State v. Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013). This Court considers the statute as a whole, and gives words their plain, usual, and ordinary meanings. *Id.* When the statute's language is unambiguous, the legislature's clearly expressed intent must be given effect, and we do not need to go beyond the statute's plain language to consider other rules of statutory construction. *Id.* at 361–62, 313 P.3d at 17–18.

*State v. Owens*, 158 Idaho 1, 3, 343 P.3d 30, 32 (2015).

## III.      ANALYSIS

### A. Idaho Code section 63-603GG(3)(c) requires every unit in Aspen Park's apartment complex be rented to low-income tenants or remain vacant.

This case centers around the meaning of the word "dedicated" as used in Idaho Code section 63-602GG(3)(c). Summary judgment was granted for Bonneville County because the district court interpreted the word "dedicated" to mean that every rental in Aspen Park Apartments must be rented to low-income individuals or families in order for the tax exemption to apply. We agree with the district court.

Taxes are certain in the State of Idaho and exemptions must be expressly set forth in a statute to apply. I.C. § 63-601. Because of the ubiquitous nature of taxation, this Court strictly and narrowly construes tax-exemption statutes against the taxpayer. *Ada Cnty. Assessor v. Roman Catholic Diocese of Boise*, 123 Idaho 425, 428, 849 P.2d 98, 101 (1993). Our presumption against exemptions is due to the fact that "[t]ax exemptions exist as a matter of legislative grace, epitomizing the antithesis of traditional democratic notions of fairness, equality, and uniformity." *Id.* at 429, 849 P.2d at 102. Thus, we do not presume exemptions, but rather construe statutes according to the "strict but reasonable" rules of statutory construction, with ambiguities being given their narrowest possible reasonable construction. *Id.*

The statute at issue in this case, Idaho Code section 63-602GG, authorizes a property tax exemption for low-income housing owned by non-profit organizations. One of the qualifications

that must be met to qualify for the tax exemption is that *all* of the rentals in a complex must be "dedicated" to low income housing except for the manager's unit:

> Except for a manager's unit, all of the housing units in the low-income housing property are dedicated to low-income housing in the following manner: Fifty-five percent (55%) of the units shall be rented to those earning sixty percent (60%) or less of the median income for the county in which the housing is located; twenty percent (20%) of the units shall be rented to those earning fifty percent (50%) or less of the median income of the county in which the housing is located; and twenty-five percent (25%) of the units shall be rented to those earning thirty percent (30%) or less of the median income for the county in which the housing is located.

I.C. § 63-602GG(3)(c).

It is undisputed that Aspen Park usually has vacancies after all low-income earners have applied to rent its apartments, so instead of allowing these units to stand vacant, the company rents them to higher-income earners while leaving a few vacancies in the chance a low-income earner applies. Aspen Park does not dispute that approximately 13 of its rentals in the year 2016 were rented to occupants with an income higher than 60 percent of the county median income, but it argues that the term "dedicated" as found in Idaho Code section 63-602GG(3)(c) allows such a practice to occur when the rentals would otherwise stand vacant. To bolster this argument, Aspen Park quotes the definition of "dedicated" as: "devoted to a cause, ideal, or purpose." MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/dedicated (last visited June 11, 2019). Aspen Park contends that all of its apartments are "devoted to renting its units to qualified, low-income persons to every extent possible," and therefore are in conformity with the statute. Additionally, if the 13 higher-income tenants were ignored, Aspen Park would be in conformity with the statute.

While Aspen Park's practice of renting vacant apartments to higher-income tenants may be practical in that it avoids economic waste, and perhaps even good public policy because it encourages income diversity in dwelling accommodations, the practice does not conform to the requirements of Idaho Code section 63-602GG(3)(c). The statute makes it clear that *all* of the housing units of a property *except* the manager's unit must be dedicated to low-income tenants. Renting units to those who exceed the established income levels is not allowed. While the word "dedicate" has multiple meanings, within the context of a statute concerning real property, its meaning is plain: "to set apart for a definite use." *Dedicate*, MERRIAM WEBSTER'S COLLEGIATE DICTIONARY (10th ed. 1995). The statute apportions an entire property into three distinct income

4

levels, providing instruction as to how each category "shall" be rented. It is not a mere coincidence that the total of these three categories—55 percent, 20 percent, and 25 percent — equals 100 percent. Thus, the legislature intended for "all" the housing units to be filled by individuals that met the income criteria set forth in Idaho Code section 63-602GG(3)(c), not simply the apartments that could be filled. A plain reading of the statute only leads to one conclusion: *all* of a property's housing units must be rented—except for the manager's unit— according to the three distinct income classes created by the statute. Therefore, the district court did not err in granting summary judgment to Bonneville County. Because our decision affirms the judgment of the district court, we will not address the other arguments raised by Bonneville County to support the district court's judgment.

### B. Bonneville County is not entitled to attorney fees.

Bonneville County argues that it is entitled to an award of attorney fees under Idaho Code sections 12-117 and 12-121. Section 12-117 permits an award to a prevailing party in an action between a person and state agency or political subdivision if the court "finds that the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117(1). Likewise, Idaho Code section 12-121 permits the court to award reasonable attorney fees to the prevailing party where "the case was brought, pursued or defended frivolously, unreasonably or without foundation." Aspen Park did not bring a frivolous, unreasonable, or unfounded appeal. Nor did it act without a reasonable basis in fact or law. The statute at issue has never been interpreted by this Court and its use of the word "dedicated" rather than "rented" created a genuine issue. While Aspen Park did not prevail on appeal, the interest at stake in this case is important, and Aspen Park had a reasonable basis upon which to challenge the interpretation of the exemption. As such, we decline to award attorney fees.

### IV. CONCLUSION

We affirm the decision of the district court and decline to award attorney fees. Costs are awarded to Bonneville County.


Chief Justice BURDICK, and Justices BEVAN, STEGNER, and MOELLER CONCUR.

5